# EXHIBIT G

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LEBANON CHIROPRACTIC CLINIC, P.C.,
Individually and on behalf of all others similarly
situated,

      Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, SAFECO
INSURANCE COMPANY OF AMERICA, and
SAFECO INSURANCE COMPANY OF
ILLINOIS,

      Defendants.

No. 14-L-521



FILED
ST. CLAIR COUNTY
OCT 3 1 2014

CIRCUIT CLERK

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

WHEREAS Plaintiff Lebanon Chiropractic Clinic, P.C. ("Plaintiff"), on behalf of itself

and a proposed Settlement Class, and Defendants Liberty Mutual Insurance Company, Liberty

Mutual Fire Insurance Company, Safeco Insurance Company of America, and Safeco Insurance

Company of Illinois, and several of their affiliates (collectively, "Liberty") have agreed, subject to

Court approval, to settle this litigation upon the terms and conditions stated in the Stipulation of

Settlement filed on October 3 0, 2014 (the "Stipulation");

NOW, THEREFORE, based upon the Stipulation and the presentations of counsel on the

record during the preliminary settlement hearing held on October 3 1, 2014, and it appearing

that that the Court should hold a hearing to determine whether the proposed Class Settlement is

fair, reasonable, adequate, and in the best interests of the Settlement Class,

IT IS HEREBY ORDERED THAT:

1.     The terms defined in the Stipulation will have the same meanings in this Order.

2.    For purposes of determining whether the terms of the proposed Settlement should be finally approved as fair, reasonable and adequate, the Court conditionally certifies a Settlement Class consisting of the following Policyholder, Claimant, and Provider Subclasses:

A.    The "Policyholder Subclass" is defined as every person who, on October 31, 2014, is/was named as an insured in a "Subject Policy" that is/was in force on that date; "Subject Policy" means a personal auto policy:

(i)    issued in the Class Period by "Liberty," which means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and/or American Economy Insurance Company;

(ii)    delivered by Liberty or one of its agents to a policyholder in a "Settlement State," which means Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and/or Wyoming; and

(iii)    providing MedPay and/or PIP coverage;

B.    The "Claimant Subclass" is defined as every person who, at any time during the Class Period,

(i)    received "Covered Treatment," which means any medical treatment, medical service, medication, or prosthesis covered by the MedPay and/or PIP coverage provided by a Subject Policy,

(ii)    submitted (or allowed another to submit on his or her behalf) a "Subject Claim," which means an insurance claim seeking payment under the MedPay and/or PIP coverage provided by a Subject Policy for Covered Treatment rendered during the Class Period, and

(iii)    received from Liberty as payment or reimbursement for at least one Covered Treatment (through payments to himself, to herself, or to others on

his or her behalf) an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment.

C.      The "Provider Subclass" is defined as every person who, during the Class Period,

(i)      provided Covered Treatment to a member of the Claimant Subclass,

(ii)     sought payment for that Covered Treatment under the MedPay and/or PIP coverage provided by a Subject Policy, and

(iii)    received from Liberty as payment for that Covered Treatment an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment;

D.      Provided, however, that the Settlement Class excludes all Class Counsel, all Released Persons, all Neutral Evaluators, all Illinois judges, and all persons who timely opt out of the Settlement Class in accordance with the Court's orders.

In addition, the Court conditionally appoints Plaintiff as representative of the Settlement Class and the following attorneys as Class Counsel:

Robert W. Schmieder II
Bradley M. Lakin
SL Chapman LLC
330 North Fourth Street, Suite 330
St. Louis, MO 63102
Phone: 314-588-9300

3.      Based on the Stipulation, the conditional certification of the Settlement Class, the conditional appointment of the Class Representative and Class Counsel and the presentations of counsel at the preliminary settlement hearing held on October 31, 2014, the Court preliminarily approves the proposed Settlement as within the range of possible approval as fair, reasonable, adequate, and in the best interests of the Class Members.  In doing so, the Court notes several important differences between the relief that would be provided to members of the Settlement

3

Class under the proposed Class Settlement (and the procedures prescribed by the Stipulation for providing that relief) and the relief sought in similar cases in which class certification has been denied or reversed. For example, the Stipulation includes an agreement by Liberty to make payments to certain members of the Settlement Class without any finding (a) that Liberty breached any duty owed to any member of the Settlement Class or (b) that any member of the Settlement Class suffered any legally cognizable injury as a result of any such breach. Accordingly, the Stipulation eliminates the need to resolve the individualized issues of fact and law that lead the Appellate Court of Illinois to reverse the certification of a litigation class in a similar case in Madison County. *See Bemis v. Safeco Ins. Co. of America*, 948 N.E.2d 1054, 407 Ill. App. 3d 1164 (Ill. App. Ct.—5th Dist. 2011), *appeal denied*, 955 N.E.2d 468, 353 Ill. 1 (Ill. 2011). In addition, the Stipulation provides for prospective relief in the form of an agreed injunction that would (a) allow Liberty to continue to use its computerized bill-review system and (b) require Liberty to make certain disclosures concerning its use of that system. These terms eliminate the potential conflict of interest cited by an Oregon court in finding that a medical provider had failed to establish its adequacy to represent the litigation class proposed in another similar action. *See Froeber v. Liberty Mutual Ins. Co.*, No. 00C15234, slip. op. at 4-7 (Cir. Ct. Marion Cty, Or. Feb. 26, 2004).

4. If the Proposed Settlement is not finally approved as provided below, the conditional certification of the Settlement Class and the conditional appointments of Class Representatives and Class Counsel shall be vacated.

5. Pending a final determination whether the proposed Settlement should be approved as fair, reasonable, and adequate, neither Plaintiffs nor any other person comprised within the definition of the Settlement Class defined in paragraph 2, above, whether directly,

indirectly, representatively or in any other capacity, shall start, join, continue, litigate or participate in or accept any benefit or relief from any other lawsuit, arbitration, or administrative or regulatory proceeding against any Released Party that is based on, relates to, or involves any Released Claim or any of the claims, facts, circumstances, or subject matters of this Action or the Stipulation; provided, however, that this injunction does not apply to individual (i.e., non-class) claims pending before any court, administrative agency, or arbitration panel on October 31, 2014.

6.      As soon as practicable after the entry of this Order, Liberty shall make a reasonable search of its records to ascertain the name and last known address of each person included within the definition of the Claimant Subclass, each person included within the definition of the Provider Subclass, and each person included within the definition of the Policyholder Subclass.   Thereafter, a third-party administrator engaged by Liberty (the "Administrator") shall send a copy of the Individual Notice and a Claim Form by first-class mail to each Potential Member of the Claimant Subclass and each Potential Member of the Provider Subclass for whom Liberty ascertains a name and an address through that search. The Administrator shall also send a copy of an Individual Notice by first-class mail to each Potential Member of the Policyholder Subclass for whom Liberty ascertains a name and an address through that search.  Liberty and the Administrator shall use their best efforts to complete the mailing of the Individual Notice and Claim Form to those potential Class Members within 30 days after the entry of this Order.

7.      The Individual Notice sent to potential members of the Claimant and Provider Subclasses shall be substantially in the form attached hereto as Exhibit A.  The Individual Notice sent to potential members of the Policyholder Subclass shall be substantially in the form attached

hereto as Exhibit B. The Claim Form sent to potential members of the Claimant Subclass shall be substantially in the form attached hereto as Exhibit C. The Claim Form sent to potential members of the Provider Subclass shall be substantially in the form attached hereto as Exhibit D. The Individual Notices and Claim forms sent to potential members of the Claimant and Provider Subclasses shall be mailed in envelopes substantially in the form attached hereto as Exhibit E.

8. Liberty and the Administrator shall take the following steps to ensure that these mailings provide the best notice practicable under the circumstances:

A. Within 10 days after the entry of this Order, Liberty shall provide to the Administrator a listing of the last known addresses ("LKAs") of all Potential Class Members. If possible, the listing shall segregate LKAs that were provided to Liberty within the last four years from those that were provided to Liberty more than four ago.

B. Within 20 days after the entry of this Order, the Administrator shall (i) run all of the LKAs received from Liberty through the Postal Service's National Change of Address Database ("NCOA") to identify address changes within the last four years, (ii) set aside as ready to mail all addresses updated through the NCOA database, and (iii) run all addresses that were not updated by NCOA and not known to have been provided to Liberty within the past four years through a third-party lookup program such as LexisNexis Accurint.

C. Within 30 days after the entry of this Order, the Administrator shall mail the Individual Notices to Potential Class Members by first class mail, addressed to the most current address produced through the updating protocol described in paragraph 8(B).

D. In the event that a Class Notice is returned by the postal service with a new address shown on a "yellow sticker" affixed to the Notice, the Administrator shall promptly (within 5 business days) re-mail the Notice to the address shown on the "yellow sticker".

E. In the event that a Class Notice is returned by the postal service without a new address shown on a "yellow sticker" affixed to the Notice, the Administrator shall take the following steps to re-send the Notice: (i) if the returned notice was originally sent to an address that was not generated by a third-party lookup program such as LexisNexis Accurint, the Administrator shall run the LKA through the third-party lookup service and re-mail the Class Notice to the best address resulting from that research, or to the original LKA if no other address is found during that research; (ii) if the returned notice was originally sent to an address that was generated by a third-party lookup program such as LexisNexis Accurint, the Administrator shall re-mail the Notice to the

next-best address resulting from that original research, or to the original LKA if no other address was found during that research.

9.    In addition to the Individual Notices given in accordance with paragraphs 6-8, above, Liberty and the Administrator shall—within 30 days after the preliminary approval of this Stipulation and the Settlement—establish a website for Potential Class Members to access for additional information and post on that website for review and printing by Potential Class Members a copy of this Stipulation, a copy of this Order preliminarily approving this Stipulation and the Settlement, a copy of the Individual Notice, a copy of the Claimant Subclass Claim Form, a copy of the Provider Subclass Claim Form, and a Detailed Notice substantially in the form attached hereto as Exhibit F. Liberty and the Administrator shall also establish and maintain a toll-free telephone number for Potential Class Members to call for additional information.

10.    Upon request, Liberty and the Administrator shall provide Class Counsel with such reasonable access to the notice process as they may need to monitor compliance with paragraphs 6-9.

11.    At least 7 days before the Fairness Hearing provided for in paragraph 13, below, Liberty shall file with the Court and serve upon Class Counsel a declaration confirming (a) distribution of the Individual Notice in accordance with paragraphs 6-8 of this Order and (b) establishment of a website and toll-free telephone number in accordance with paragraph 9 of this Order.

12.    The costs of providing and confirming the distribution of Class Notice as required by paragraphs 6-11, above, shall be borne by Liberty as agreed in the Stipulation.

13.    The Court will hold a hearing to consider the fairness, reasonableness, and adequacy of the proposed Settlement (the "Fairness Hearing") at 9:00 a.m., January 15,

7

2018, in Courtroom No. 403 of the Circuit Court of St. Clair County, Illinois, St. Clair County Building, #10 Public Square, Belleville, IL 62220, as set forth in the Individual Notices and the Detailed Notice. During the Fairness Hearing, the Court will consider whether the proposed Settlement described in the Stipulation, including the proposed award of attorneys' fees, costs and expenses to Class Counsel and the proposed award of an incentive fee to the Class Representatives, should be approved as fair, reasonable, and adequate, and whether the Court should enter the proposed Final Judgment approving the proposed Settlement and dismissing this Action on the merits, with prejudice, and without leave to amend. Upon a showing of good cause, the Fairness Hearing may be postponed, adjourned or rescheduled by Order of the Court without further notice to the members of the Settlement Class.

14. Potential Class Members who wish to exclude themselves from the Settlement Class must submit written requests for exclusion complying with the provisions of and containing the information requested by the Detailed Notice and the Stipulation. To be effective, such a request must be sent by first-class mail to the Administrator at the address provided in the Class Notice and postmarked not later than 14 days before the date set for the Fairness Hearing.

15. At least 7days before the Fairness Hearing, Class Counsel shall file with the Court and serve upon Liberty's Counsel a declaration of the Administrator, reporting the number and status of any requests for exclusion.

16. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Individual Notice, the Detailed Notice, and the Stipulation shall be excluded from the Settlement Class. Such persons shall have no rights under the proposed Settlement, shall not share in any distribution of funds under the proposed Settlement, and shall

8

not be bound by the proposed Settlement or by any Final Judgment approving the proposed Settlement.

17. All Settlement Class Members who do not request exclusion in the manner set forth in the Individual Notice, in the Detailed Notice, and in the Stipulation shall be bound by any Final Judgment entered pursuant to the Stipulation, and shall be barred and enjoined, now and in the future, from asserting any of the Released Claims against any Released Persons. Upon entry of a Final Judgment approving the proposed Settlement, all Settlement Class Members shall be conclusively deemed to have fully and finally released all of the Released Parties from any and all Released Claims.

18. Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement by filing written notices of intent to object complying with the provisions of and containing the information requested by the Detailed Notice and the Stipulation. The right to object to the proposed Settlement must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a corporation, a limited-liability company, or a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity. Unless the Court in its discretion shall otherwise direct, an objection to the proposed Settlement shall be heard, and any papers or briefs submitted in support of said objection shall be considered, only if (a) the objection and all supporting information required by the Stipulation are filed with the Court at least 14 days before the date set for the Fairness Hearing and (b) copies of the objection and all supporting information required by the Stipulation are sent to Class Counsel by first-class mail, postmarked no later than 14 days before the date set for the Fairness Hearing.

9

19. This Order preliminarily certifies the Settlement Class for settlement purposes only. Neither this Order, nor the Stipulation, nor the negotiations of the Settlement, nor any act, statement or document related in any way to the Settlement negotiations, nor any pleadings or other document or action related in any way to the Stipulation shall be (a) offered into evidence in the Action or in any other case or proceeding in support of or in opposition to a motion to certify a contested class or (b) otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class. In the event that the Settlement is not finally approved for any reason, Liberty shall retain the right to object to the maintenance of the Action and/or any other case as a class action and to contest the Action and/or any other case on any ground.

20. Neither this Order, nor the Stipulation, nor the proposed Settlement is to be deemed or construed as a finding or admission of liability, wrongdoing, or fault on the part of Liberty or any other person. No person comprised within the definition of the Settlement Class defined in paragraph 2, above, or any person acting in concert with any such person may offer this Order, the Stipulation, the proposed Settlement, or any documents or statements submitted to the Court in furtherance of the proposed Settlement into evidence in any action or proceeding in any court or other tribunal as a finding, admission, concession, or suggestion of liability or wrongdoing on the part of Liberty or any other person.

21. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

22. It is hereby ordered that this Action shall be stayed pending further proceedings in connection with the effectuation of the Proposed Settlement.

IT IS SO ORDERED.

Dated this ___31___ day of ___Oct___, 2014.

_____

CIRCUIT COURT JUDGE

11

US 2879378v.9