# EXHIBIT J

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

LEBANON CHIROPRACTIC CLINIC, P.C.,
Individually and on behalf of all others similarly
situated,

        Plaintiff,

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, SAFECO
INSURANCE COMPANY OF AMERICA, and
SAFECO INSURANCE COMPANY OF
ILLINOIS,

        Defendants.

No. 14-L-521


FILED
ST. CLAIR COUNTY

FEB 2 3 2015

32
CIRCUIT CLERK

FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT
AND DISMISSING THIS ACTION WITH PREJUDICE

This matter came before the Court on the 17th day of February, 2015, on Plaintiff's

Motion for Final Approval of Class Action Settlement, requesting final approval of the

proposed Class Settlement memorialized in the corrected Stipulation of Settlement filed of

record on October 30, 2014, and preliminarily approved by the Court on October 31, 2014.

Having reviewed and considered all timely submissions made in connection with the proposed

Settlement, having reviewed and considered the files and records herein, and having previously

handled MedPay class actions presenting similar issues, the Court finds and concludes as follows:

    1.    The Court has jurisdiction over the subject matter of this Action; the Plaintiff, the

members of the Settlement Class, and Liberty.

    2.    All capitalized terms used herein shall have the same meaning as set forth in the

Stipulation, which is incorporated herein by reference.

3. The Complaint filed on June 25, 2014, alleges, among other things, that Liberty improperly used an undisclosed cost-containment program involving computerized bill-review systems and other elements to cap the amounts paid to medical providers and/or reimbursed to injured parties for medical treatments covered by the Medical Payments ("MedPay") coverage and/or Personal Injury Protection ("PIP") coverage provided by certain automobile policies issued by Liberty. The Complaint further alleges that Liberty's use of computerized bill-review systems to determine the usual, customary, or reasonable charge payable under the PIP and/or MedPay coverage provided by Liberty's personal automobile policies breached the terms of those policies, violated various consumer-protection statutes, and unjustly enriched Liberty.

4. Liberty has denied that it has acted improperly or fraudulently and has raised several affirmative defenses, including (without limitation) defenses based on (1) applicable statutes of limitations, (2) a prior class settlement of similar claims in a lawsuit styled *Froeber v. Liberty Mutual Insurance Company*, No. 00C15234 in the Circuit Court of Marion County, Oregon ("*Froeber*"), (3) a prior class settlement of similar claims in *Kerbs v. Safeco Insurance Company of America*, No. 10-2-17373-1 SEA in the Superior Court of King County, Washington (the "*Kerbs*"), and (4) settlements and judgments reached in individual disputes presenting similar claims in Illinois and other states ("Individual Disputes").

5. On or about October 30, 2014, Plaintiff and Liberty entered into a corrected Stipulation of Settlement, which Plaintiff promptly filed with the Court the same day. The Stipulation provides for the settlement of this Action between Liberty and a proposed Settlement Class, subject to Court approval.

6. October 31, 2014, the Court held a hearing to consider preliminary approval of the Stipulation and the proposed Class Settlement and granted such preliminary approval.

7. For purposes of determining whether the terms of the proposed Settlement should be finally approved as fair, reasonable and adequate, the Court conditionally certified a Settlement Class consisting of the following Policyholder, Claimant, and Provider Subclasses:

A. The "Policyholder Subclass" is defined as every person who, on October 31, 2014, named as an insured in a "Subject Policy" that was in force on that date; "Subject Policy" means a personal auto policy:

(i) issued by "Liberty," which means Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and/or American Economy Insurance Company;

(ii) delivered by Liberty or one of its agents to a policyholder in a "Settlement State," which means Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, District of Columbia, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, North Dakota, Ohio, South Carolina, South Dakota, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin and/or Wyoming; and

(iii) providing MedPay and/or PIP coverage;

B. The "Claimant Subclass" is defined as every person who, at any time during the Class Period,

(i) received "Covered Treatment," which means any medical treatment, medical service, medication, or prosthesis covered by the MedPay and/or PIP coverage provided by a Subject Policy,

(ii) submitted (or allowed another to submit on his or her behalf) a "Subject Claim," which means an insurance claim seeking payment under the MedPay and/or PIP coverage provided by a Subject Policy for Covered Treatment rendered during the Class Period, and

(iii) received from Liberty as payment or reimbursement for at least one Covered Treatment (through payments to himself, to herself, or to others on

3

his or her behalf) an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment.

C.    The "Provider Subclass" is defined as every person who, during the Class Period,

(i)    provided Covered Treatment to a member of the Claimant Subclass for a Covered Injury,

(ii)    sought payment for that Covered Treatment under the MedPay and/or PIP coverage provided by a Subject Policy, and

(iii)    received from Liberty as payment for that Covered Treatment an amount that was less than the charge billed for that treatment because Liberty or one of its agents determined through the use of a computerized bill-review system that the charge billed for that treatment exceeded the usual, customary, or reasonable allowance for that treatment;

D.    Provided, however, that the Settlement Class excludes all Class Counsel, all Released Persons, all Neutral Evaluators, all Illinois judges, and all persons who timely opt out of the Settlement Class in accordance with the Court's orders.

*See* Order Preliminarily Approving Class Settlement (entered October 31, 2014). In addition, the Court conditionally appointed Lebanon Chiropractic Clinic, P.C., as representative of the Settlement Class and the following attorneys as Class Counsel:

> Robert W. Schmieder II
> Bradley M. Lakin
> SL Chapman LLC
> 330 North Fourth Street, Suite 330
> St. Louis, MO 63102
> Phone: 314-588-9300

*Id.* The Court also approved the form of the parties' proposed Class Notice and the parties' proposed methods for distributing the Class Notice, directed that the Class Notice distributed in accordance with the terms of the Stipulation and the Court's orders, and scheduled a hearing to consider the fairness of the Settlement. *Id.*

8. On or about December 2, 2014, the Court entered an Order Modifying Class Settlement Schedule, which modified the schedule for distributing the Class Notice and re-scheduled the fairness hearing to 9:00 am, Thursday, February 5, 2015. Then, on February 3, 2015, the Court issued an order granting the motion of Leon Demond to intervene as an additional Plaintiff and Class Representative and re-setting the fairness hearing to 10:00 am, Tuesday, February 17, 2015, to allow more time for consideration of opt-out requests arriving from areas of the country where recent snows delayed the mails.

9. On or about February 5, 2015, the Court considered the Notice of Objector's Effort to Obstruct and Joint Motion for Expedited Entry of Order Addressing Same (filed Feb. 4, 2015). Upon reviewing that Notice and Motion, the Court issued an Order Addressing Effort by Objector [David Kerbs] to Obstruct Proceedings in this Court (entered Feb. 5, 2015).

10. On or about February 10, 2015, Class Counsel applied to the Court for final approval of the terms of the Proposed Settlement and for the entry of this Final Judgment. In support of that application, Class Counsel submitted, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding the names of potential Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the negotiation of the Proposed Settlement, and evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the Proposed Settlement.

11. Pursuant to the Class Notice and the orders described above, a hearing was held before this Court, on February 17, 2015, to consider the motion for final approval and to determine whether the Proposed Settlement should be approved as fair, reasonable, and adequate and whether the Court should enter this Final Judgment approving the Settlement and dismissing the Action on the merits, with prejudice, and without leave to amend.

12.     During the hearing, the parties provided additional evidence that the Class Notice was disseminated in accordance with the Court's orders. In addition, the parties provided additional evidence regarding the adequacy of the notice so given, the negotiation of the proposed Class Settlement, the substantive fairness, reasonableness, and adequacy of its terms, and the identities of Potential Class Members who submitted timely Requests for Exclusion from the Settlement Class. The parties also presented evidence concerning objections filed by Dr. Gregory Gordon, Dr. David Kerbs, Ms. Kathleen Lipscombe, and Mr. Brian McNiff. And the parties also provided evidence that counsel of record for Dr. Gordon (and perhaps others) engaged in a coordinated effort to interfere with the Court's approved Class Notice plan by making misleading statements to potential members of the Provider Subclass in Massachusetts to induce them to opt out of the proposed Settlement.

13.     The Court previously found and now reaffirms that dissemination of the Class Notice in accordance with the terms of the Order constitutes the best notice practicable under the circumstances. The evidence confirming dissemination and content of the Class Notice, including the testimony of the nationally recognized notice expert, Todd Hilsee, demonstrates that the parties complied with this Court's orders regarding class notice, that the notice given informed members of the Settlement Class of the pendency and terms of the proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their right to object to the terms of the proposed Settlement, that the notice given was the best notice practical under the circumstances, and that it constituted valid, due and sufficient notice to members of the Settlement Class. The Court further finds and concludes that the notice program described in the Order and completed by the parties complied fully with the requirements of due process, the Illinois Rules of Civil Procedure, and all other applicable laws.

6

14.     The Court also finds that the Proposed Settlement is the result of good-faith, arms-length negotiations by the parties thereto.  In addition, the Court finds that approval of the Stipulation and the Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice.

15.     The Court finds, for settlement purposes only, that the Settlement Class meets the requirements of 735 ILCS 5/2-801, because: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact – i.e., whether and how Liberty should disclose its bill-review practices – that are common to the Settlement Class and predominate over any questions affecting only individual members of the Settlement Class; (3) Plaintiff Lebanon Chiropractic Clinic, P.C., Plaintiff-Intervenor Leon Demond, and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (4) the proposed Class Settlement is an appropriate method for the fair and efficient resolution of this controversy in light of:  (a) the risk that prosecution of separate actions by individual members of the Settlement Class might establish incompatible standards of conduct for Liberty and (b) the propriety of an agreed injunction as a principal form of relief.  Further, the Court finds that the Proposed Settlement is fair, reasonable and adequate as to the Settlement Class Members, the Plaintiff, and the Plaintiff-Intervenor as a result of discovery, due diligence, and the absence of material objections sufficient to deny approval.

16.     In making the findings stated in paragraph 15, above, the Court incorporates and reaffirms the findings previously made in the Order Addressing Effort by Objector to Obstruct Proceedings in this Court (entered Feb. 5, 2015).  In addition, the Court notes several important differences between the relief to be provided to members of the Settlement Class under the proposed Class Settlement (and the procedures prescribed by the Stipulation for providing that

7

relief) and the relief sought in similar cases in which class certification has been denied or reversed. For example, the Stipulation includes an agreement by Liberty to make payments to certain members of the Settlement Class without any finding (a) that Liberty breached any duty owed to any member of the Settlement Class or (b) that any member of the Settlement Class suffered any legally cognizable injury as a result of any such breach. Accordingly, the Stipulation eliminates the need to resolve the individualized issues of fact and law that lead the Appellate Court of Illinois to reverse the certification of a litigation class in a similar case in Madison County. *See Bemis v. Safeco Ins. Co. of America*, 948 N.E.2d 1054, 407 Ill. App. 3d 1164 (Ill. App. Ct.—5th Dist. 2011), appeal denied, 955 N.E.2d 468, 353 Ill. 1 (Ill. 2011). In addition, the Stipulation provides for prospective relief in the form of an agreed injunction (a) allowing Liberty to continue to use its computerized bill-review system and (b) requiring Liberty to make certain disclosures concerning its use of that system. These terms eliminate the potential conflict of interest cited by an Oregon court in finding that a medical provider had failed to establish its adequacy to represent the litigation class proposed in another similar action. *See Froeber v. Liberty Mutual Ins. Co.*, No. 00C15234, slip. op. at 4-7 (Cir. Ct. Marion Cty, Or. Feb. 26, 2004).

17. The Court finds that the Potential Class Members listed in Exhibits 1-4 hereto submitted timely Requests for Exclusion.

NOW, THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED, ADJUDGED AND DECREED THAT:

18. The Court hereby affirms the definition of the Settlement Class for purposes of this Final Judgment and certifies this Action, for settlement purposes only, as a Class Action.

19. The persons listed on Exhibits 1-4 are excluded from the Settlement Class. Except as provided in paragraphs 39-40, below, Plaintiff, Plaintiff-Intervenor, all objectors, and all Potential Class Members other than those listed on Exhibits 1-4 are adjudged to be Settlement Class Members and are bound by this Final Judgment and by the Stipulation of Settlement incorporated herein, including the releases provided for in the Stipulation and in this Final Judgment.

20. The Court overrules all objections to the Stipulation and the proposed Class Settlement and approves all provisions and terms of the Stipulation and the proposed Class Settlement in all respects. The Court specifically finds that the proposed Class Settlement is fair, adequate, and reasonable for the Settlement Class. Liberty and the Settlement Class are ordered to consummate the Class Settlement in accordance with the terms of the Stipulation and this Final Judgment.

21. In light of the covenant in paragraph 28 of the Stipulation, the representations in the Notice of Objector's Effort to Obstruct and Joint Motion for Expedited Entry of Order Addressing Same (filed Feb. 4, 2015), the findings and conclusions stated in the Order Addressing Effort by Objector to Obstruct Proceedings in this Court (entered Feb. 5, 2015), the arguments and evidence presented and considered at the hearing on February 17, 2015, and the entire record before the Court, it is hereby ordered, adjudged, and decreed that Liberty shall:

A. implement the following measures concerning Future Claims, *except as otherwise required by the final judgment entered in Kerbs on August 24, 2012:*

(i) for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the charge billed by the Medical Provider (the "Billed Charge"), (b) the eightieth percentile charge for that Covered Treatment in the geozip area where the provider is located, as determined through the use of a FAIRHealth medical-charge database or another similar database (the "Eightieth Percentile Charge"), (c) the amount authorized by a state mandated fee schedule

9

or by another applicable law or regulation (the "Fee-Schedule Charge"), or (d) the amount authorized by a written PPN or PPO agreement to which the Medical Provider is a party (the "PPO Charge");

(ii) for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall publish on the website libertymutual.com and safeco.com that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge;

(iii) for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Settlement State policyholders in writing at the time of their initial purchase or renewal of a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

(iv) for a period beginning on the Effective Date and extending five years after the Effective Date, Liberty shall inform Medical Providers in Settlement States who contact Liberty to confirm coverage of medical treatment under a personal auto policy that Liberty will pay or reimburse a Medical Provider's usual and customary charge for a Covered Treatment (subject to applicable Policy Limits) at the lowest of (a) the Billed Charge, (b) the Eightieth Percentile Charge, (c) the Fee-Schedule Charge, or (d) the PPO Charge; and

B. pay the amounts described in paragraphs 37, 44-47, 55, 57, and 59-61 of the Stipulation, including payments to Class Members and the fees described in paragraph 36, below.

22. In light of the covenant in paragraph 29 of the Stipulation, the representations in the Notice of Objector's Effort to Obstruct and Joint Motion for Expedited Entry of Order Addressing Same (filed Feb. 4, 2015), the findings and conclusions stated in the Order Addressing Effort by Objector to Obstruct Proceedings in this Court (entered Feb. 5, 2015), the arguments and evidence presented and considered at the hearing on February 17, 2015, and the entire record before the Court, it is further ordered, adjudged, and decreed that, *except as otherwise provided by the final judgment entered in Kerbs on August 24, 2012,* Liberty's payment of Future Claims in accordance with paragraph 21(A)(i), above, does not breach any

10

duty or obligation under any applicable law or contract requiring Liberty to pay or reimburse usual, customary, or reasonable charges for Covered Treatments.

23. It is further ordered, adjudged, and decreed that, *except as otherwise provided by the final judgment entered in Kerbs on August 24, 2012,* each and every Settlement Class Member is forever barred and permanently enjoined from asserting, initiating, filing, commencing, prosecuting, or maintaining in any action or proceeding of any kind, whether before any court, agency, or arbitrator, any challenge of any kind to Liberty's payment of Future Claims in accordance with paragraph 21(A)(i), above.

24. And it is further ordered, adjudged, and decreed that, *except as otherwise provided by the final judgment entered in Kerbs on August 24, 2012,* each and every member of the Provider Subclass is forever barred and permanently enjoined from (a) disparaging or criticizing as unlawful or unfair Liberty's conduct concerning Future Claims in accordance with paragraph 21(A)(i), above; and/or (b) discouraging any person from purchasing insurance from Liberty because of its conduct concerning Future Claims in accordance with paragraph 21(A)(i).

25. Except as provided in paragraphs 39-40, below, this Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and each and every Settlement Class Member is forever barred and permanently enjoined from starting, continuing, litigating, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the Released Claims.

26. Upon the entry of this Final Judgment, each Settlement Class Member shall be conclusively deemed to have fully released and discharged, to the fullest extent permitted by law, all of the Released Parties from all of the Released Claims.

11

27. "Released Claims" means and includes any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiff, the Settlement Class, and/or any Class Member concerning any Subject Claim, whether at law, in equity, or under any statute or regulation, and including without limitation:

A. any and all claims, demands, actions, causes of action, and/or suits for breach of contract, fraud, misrepresentation, consumer fraud, unfair trade practices, unfair insurance practices, unjust enrichment, and/or bad faith arising from or in any way relating to any Subject Claim,

B. any and all claims, demands, actions, causes of action, and/or suits for direct damages, indirect damages, actual damages, consequential damages, punitive damages, and/or exemplary damages, declaratory or injunctive relief, prejudgment interest, post-judgment interest, costs, expenses, and/or attorneys' fees, whether statutory or non-statutory, arising from or in any way relating to any Subject Claim, and

C. any and all Unknown Claims arising from or in any way relating to any Subject Claim;

provided, however, that the Released Claims do not include (i) any claim for enforcement of the Stipulation and/or this Final Judgment or *(ii) any claim preserved by paragraph 6 on pages 11-12 of the final order and judgment entered in Kerbs on August 24, 2012.* Further, the Released Claims do not include any individual (i.e., non-class) claims—other than the individual claim of Plaintiff Lebanon Chiropractic Clinic, P.C.—that were pending before any court, administrative agency, or arbitration panel on October 31, 2014.

28. "Unknown Claim" means any claim arising out of newly discovered facts and/or facts found hereafter to be other than or different from the facts now believed to be true. The Released Claims defined in paragraph 27 (and released through this Final Judgment as provided in paragraph 26) include Unknown Claims arising from or in any way related to any acts which have been alleged or which could have been alleged in the Action by the Plaintiff, by the

Settlement Class, and/or by any Class Member. The Court finds and concludes that Plaintiff and Plaintiff-Intervenor, on behalf of themselves and all members of the Settlement Class, have expressly, knowingly, voluntarily, and validly waived the provisions of any state, federal, municipal, local or territorial law or statute (including, but not limited to, that of the District of Columbia) providing in substance that releases shall not extend to claims, demands, injuries, and/or damages that are unknown or unsuspected to exist at the time a settlement agreement is executed and/or approved by a court. Without limiting the foregoing in any way, the Court finds and concludes that Plaintiff and Plaintiff-Intervenor, on behalf of themselves and all members of the Settlement Class, have expressly, knowingly, voluntarily, and validly waived all rights under Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

29. "Released Persons" means (a) Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, The First Liberty Insurance Corporation, Liberty Personal Insurance Company, Liberty Insurance Corporation, Liberty Lloyds of Texas Insurance Company, LM General Insurance Company, LM Personal Insurance Company, Safeco Insurance Company of America, Safeco Insurance Company of Illinois, Safeco Insurance Company of Indiana, Safeco Insurance Company of Oregon, Safeco National Insurance Company, Safeco Surplus Lines Insurance Company, General Insurance Company of America, First National Insurance Company of America, American States Insurance Company, American States Preferred Insurance Company, and American Economy Insurance Company, (b) all of the past and present officers, directors, agents, attorneys, employees, vendors, stockholders, divisions, subsidiaries, and parents of any of the insurers listed in subparagraph 29(a), including without

13

limitation Liberty Mutual Holding Company, Inc., LMHC Massachusetts Holdings, Inc., and Liberty Mutual Group, Inc., and (c) all of the successors, assigns, and legal representatives of any of the entities listed in subparagraph(s) 29(a) and/or 29(b).

30. The names, addresses, policy numbers, and other data concerning Potential Class Members compiled by Liberty in effectuating the Proposed Settlement, the electronic data processing and other record keeping procedures and materials to be utilized by Liberty in identifying the Potential Class Members and effectuating Liberty's other obligations under the Stipulation and/or the Proposed Settlement, and all documents produced by Liberty to Class Counsel and/or other attorneys for plaintiff in this Action constitute highly confidential and proprietary business information. The confidentiality of all such information (the "Proprietary Information") shall be protected from disclosure as provided in paragraphs 31-32, below.

31. Except as permitted by paragraph 32, below, no persons other than Liberty's counsel and clerical personnel employed by Liberty's counsel, Class Counsel and clerical personnel employed by Class Counsel, and such other persons as the Court may order after hearing on notice to all counsel of record shall be allowed access to any Proprietary Information.

32. Within 30 days after the Effective Date, Class Counsel shall return to Liberty all Proprietary Information in their possession, custody, or control and any other documents (exclusive of documents filed with the Court) provided by Liberty to Class Counsel or anyone they employed or retained in this Action or any other similar action, and all copies thereof. Within 45 days after the Effective Date, Class Counsel shall deliver a letter to Liberty confirming their compliance with this paragraph. In the event that any Proprietary Information or documents have already been destroyed, Class Counsel will include in that letter the name and address of the person(s) who destroyed the Proprietary Information and/or documents.

14

33. Class Counsel have stipulated, and the Court agrees, that any representation, encouragement, or solicitation of any person seeking exclusion from the Settlement Class or any person seeking to litigate any Released Claim with Liberty might place Class Counsel in an untenable conflict of interest with the class. Accordingly, Class Counsel shall not engage in any such representation, encouragement, or solicitation.

34. In discovery in this and other matters and in negotiation and review of the Stipulation, Class Counsel have received confidential information regarding Liberty's internal practices and procedures and Liberty's confidential financial information, including financial information compiled solely for purposes of negotiating and implementing the Stipulation and the Settlement. Class Counsel shall keep such information confidential and shall not use it or, unless ordered by a court after notice to Liberty, allow it to be used in any other litigation.

35. The Stipulation, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Liberty, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Liberty. The Stipulation and Settlement are not a concession by the parties and, to the extent permitted by law, neither this Final Judgment nor the Stipulation of Settlement or any other documents, exhibits or materials submitted in furtherance of the settlement, shall be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Liberty or any other person.

36. Class Counsel shall receive attorneys' fees and costs in the total amount of $1,200,000.00. In addition, Plaintiff and Plaintiff-Intervenor shall receive an incentive fee in the total amount of $3,000.00 each. Liberty shall pay these amounts as provided in the Stipulation.

15

37. Matt Young, Matt Zittel, and Shane Moskop are appointed as Neutral Evaluators to carry out the duties and responsibilities set forth in paragraphs 39-40 and 54 of the Stipulation, the terms and conditions of which are hereby adopted and incorporated herein by reference. The Neutral Evaluators shall be discharged upon the Court's approval of the Final Report of Distribution. Neither Plaintiff, nor Liberty, nor the parties' counsel shall be liable for any act or omission of any of the Neutral Evaluators.

38. As soon as reasonably possible after the completion of all payments to Eligible Class Members pursuant to paragraphs 54-55 of the Stipulation, the parties shall file with the Court a Final Report (together with a proposed order approving such report and discharging the Neutral Evaluator) indicating that distribution in accordance with the terms of the Stipulation and the Court's prior Order has been completed.

39. This judgment finally adjudicates and dismisses with prejudice all claims that were asserted or could have been asserted herein on behalf of any of the persons or entities adjudged to be Settlement Class Members in paragraph 19, above, except the medical providers listed on Exhibits F and G of the Supplemental Affidavit of Kim Schmidt (filed Feb. 13, 2015) with mailing addresses in Massachusetts (the "Massachusetts Provider Subgroup"). Pursuant to Illinois Supreme Court Rule 304(a), the Court finds that there is no just reason for delay and expressly directs that this judgment be entered forthwith, without prejudice to the rights of the Massachusetts Provider Subgroup.

40. Without in any way affecting the finality of this Rule 304(a) Final Judgment as to Settlement Class Members other than the Massachusetts Provider Subgroup, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing the Stipulation, the Class Settlement, and this Final Judgment;

B.      Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

C.      Any other matters related or ancillary to any of the foregoing, including (without limitation) any dispute concerning the meaning or enforcement of any provision of this Final Judgment and any actual or alleged conflict between any terms of this Final Judgment and any terms of the final judgment entered in *Kerbs* on August 24, 2012.

In light of the evidence (described in paragraph 12, above) of a coordinated effort to induce Massachusetts providers to opt out of the Settlement Class, the Court retains plenary jurisdiction over all claims that were asserted or could have been asserted herein on behalf of any of the members of the Massachusetts Provider Subgroup, including (without limitation) jurisdiction to address the validity of requests for exclusion submitted by or on behalf of such members.

Dated: February 23, 2015.

_____
CIRCUIT COURT JUDGE

17

EXHIBIT 1

Exhibit D--Names of Individuals Included on the Notice List who Requested Exclusion
from the Claimant Subclass

| Seq | Name |
|-----|------|
| 1 | ADELLA M ECKINGER |
| 2 | ADIANEZ ALVIRA-GONZALEZ |
| 3 | ALICE HOW |
| 4 | ALIINA LAINE |
| 5 | AMY WHALEN |
| 6 | ANGELA EVANS |
| 7 | CATHERINE HERLACHE |
| 8 | CHRISTINE KLEINRICHERT |
| 9 | CLAIRE HERLACHE C/O PARENT/GUARDIAN |
| 10 | DAVID EVANS |
| 11 | DEBRA ROEDER |
| 12 | DIANE KING |
| 13 | GEORGE ZIVKU |
| 14 | GERALD BUSH |
| 15 | ISMAIL SHURDHA |
| 16 | JACQUELINE BALINBIN |
| 17 | JESSICA NGUYEN |
| 18 | JOANNE MCDONOUGH |
| 19 | JODY STEPNOWSKI |
| 20 | JOE STEPNOWSKI |
| 21 | JOHN AMATO |
| 22 | JOSELITO POLANCO |
| 23 | JURMEL DAVIS |
| 24 | KATHRYN MOORE |
| 25 | KELLY GIANG |
| 26 | KYLE SCHMIDT |
| 27 | LARRY ISPAS |
| 28 | LAVERT HUTCHINSON |
| 29 | LEAH NIVAR |
| 30 | LIAM HERLACHE C/O PARENT/GUARDIAN |
| 31 | LILIANA LACHAPEL-POLANCO |
| 32 | MARIA HOLLIDAY |
| 33 | MARJORIE AUSTIN |
| 34 | MARY DEL NAGRO |
| 35 | MELIDA POLANCO |
| 36 | MENZAIRE BOYKINS |
| 37 | MERCEDES QUINONES |
| 38 | MICHELLE HARRIS |
| 39 | NADINE BUCHANAN |
| 40 | NICOLE SCHWARTZ |
| 41 | OLA YOPP-BARBER |
| 42 | PATSY COSSEY |
| 43 | REBECCA PIETRONUTO |
| 44 | RICHARD TERRELL |

EXHIBIT 1

Exhibit D--Names of Individuals Included on the Notice List who Requested Exclusion from the Claimant Subclass

| Seq | Name |
|-----|------|
| 45 | SAMANTHA HALL |
| 46 | SKYLOR RIEHLE |
| 47 | TERESA STAUFFER |
| 48 | TOMER SHNEOR |

PAGE 2 OF 2

EXHIBIT 2

Exhibit E--Names of Individuals Included on the Notice List who Requested Exclusion from the Policyholder Subclass

| Seq | Name |
|---|---|
| 1 | AARON M GANSER |
| 2 | ABEBAW S TESHOME |
| 3 | ADAM K LONG |
| 4 | ADAM S ALMAJIDI |
| 5 | ALEXANDER MALEKZADEH |
| 6 | ALFRED MARRS |
| 7 | ALLISON MOORE |
| 8 | ALMA NEAL |
| 9 | ALVIN LEO JOHNSON |
| 10 | ANDREA J DEEBACH |
| 11 | ANDREA NYREE MERCADO |
| 12 | ANDREW M PAULSEN |
| 13 | ANGELICA VAZQUEZ |
| 14 | ANN PFAFF |
| 15 | ARTHUR F WARREN |
| 16 | BALVANT M PATEL |
| 17 | BARBARA A KAUFFMAN |
| 18 | BARBARA MCNALLY |
| 19 | BARRY VAN STOCKUM |
| 20 | BERNADETTA GIL |
| 21 | BERT THRAPP |
| 22 | BETTY L LITTLE |
| 23 | BILLY HOWARD |
| 24 | BONNIE E BROWN |
| 25 | BONNIE J PETERSON |
| 26 | BRAMWELL HIGHTMAN |
| 27 | BRENDA K IRVIN |
| 28 | BRIAN HOWELL |
| 29 | BRIANA LEE SICARD |
| 30 | C J ELLIS |
| 31 | CARLA SONNTAG |
| 32 | CARLA WEED |
| 33 | CAROL CELLA |
| 34 | CAROL F HUDSON |
| 35 | CAROL FENNER |
| 36 | CAROL JOHNSON |
| 37 | CAROLE A ISELI |
| 38 | CAROLYN H PALMER |
| 39 | CATHY GARDNER |
| 40 | CHALMER L MILLER |
| 41 | CHAMING YANG |
| 42 | CHARLENE ROSER |
| 43 | CHRISTOPHER C MANSFIELD |
| 44 | CHRISTOPHER J FONSECA |

PAGE 1 OF 8

EXHIBIT 2

Exhibit E—Names of Individuals Included on the Notice List who Requested Exclusion from the Policyholder Subclass

| Seq | Name |
| --- | --- |
| 45 | CHRISTOPHER J QUIGLEY |
| 46 | CODY BERGER |
| 47 | CRYSTAL N BEHRENDS |
| 48 | CYNTHIA A JANOVY |
| 49 | DALE E CUPPETT |
| 50 | DALLAN M LEDFORD |
| 51 | DANNY LOWE |
| 52 | DARLENE J KURTZ |
| 53 | DARRELL PARROTT |
| 54 | DAVID BLUTRICH |
| 55 | DAVID E TARPLEY |
| 56 | DAVID NAFT |
| 57 | DAVID P EVANS |
| 58 | DAVID SETTUBA |
| 59 | DEBORAH HEYER |
| 60 | DEBRA PHARES |
| 61 | DENNIS K CHONG |
| 62 | DIANA J BETTS |
| 63 | DIANE COOK |
| 64 | DIANE L FRILING |
| 65 | DONALD GREENE |
| 66 | DONALD L CURRY |
| 67 | DONNA MILLSAP-SOLAK |
| 68 | DONNA R MANNING |
| 69 | DOROTHY HERSOM |
| 70 | DUANE R MERRILL |
| 71 | EARL C HIRSCH |
| 72 | EDGARS STURMANIS |
| 73 | EDUARDO CARVALHO NETO |
| 74 | EDWARD B FISHER |
| 75 | EDWARD G PULSE |
| 76 | EDWARD H BARNES |
| 77 | EDWIN STEWARD |
| 78 | ELAINE B OROURKE |
| 79 | ELIZABETH WHITE |
| 80 | EMILY OLIN |
| 81 | ERICKA DOUBLET |
| 82 | ERIKA SIMON |
| 83 | EVA CURRY |
| 84 | FLOYD C BEYER |
| 85 | FRANCISCO GONZALEZ |
| 86 | FRANK D DILIDDO |
| 87 | FRANK E STEPNOWSKI |
| 88 | GARY BEAUCHAMP |

EXHIBIT 2

Exhibit E--Names of Individuals Included on the Notice List who Requested Exclusion from the Policyholder Subclass

| Seq | Name |
|---|---|
| 89 | GEORGE E LIMBERG |
| 90 | GEORGE P EPPELDAUER |
| 91 | GEORGE SPORN |
| 92 | GERALD J BUSH |
| 93 | GERI PENNELL |
| 94 | GINA M PISONI |
| 95 | GLADYS APGAR |
| 96 | GLADYS C ROBERTS |
| 97 | GLENDA DUCOTE |
| 98 | GLENDA M POTTER |
| 99 | GREGORY HOLLINGSHEAD |
| 100 | GRETA M MCKAY |
| 101 | GUADALUPE CASTAÑO |
| 102 | GUOPENG HUANG |
| 103 | HARRIET ELIZABETH HARRIS |
| 104 | HARVEY E CANTRELL |
| 105 | HEATHER CHRISTINE ARROYO |
| 106 | HELEN SCHUBERT |
| 107 | HOMER E HOWARD |
| 108 | HUGH GRAY |
| 109 | IRENE A ALLEN |
| 110 | IRENE WEAFER |
| 111 | JAMES C PIETRONUTO |
| 112 | JAMES E BRAMMER |
| 113 | JAMES K MOSSGROVE |
| 114 | JAMES SAMFORD |
| 115 | JANE DORO |
| 116 | JARRELL D JOHNSON |
| 117 | JASON MCINTOSH |
| 118 | JAY J PATNEAUDE |
| 119 | JEAN H CRAMER |
| 120 | JEANETTE MARTI |
| 121 | JEANNE GODAR |
| 122 | JEANNE MARTINSEN |
| 123 | JEFFREY ALLEN ABSHER |
| 124 | JIANMIN ZHONG |
| 125 | JIM SALE |
| 126 | JOAN T MURPHY |
| 127 | JOANN BACHMANN |
| 128 | JOANNE E BISCHOFF |
| 129 | JOANNE F MCDONOUGH |
| 130 | JOE SHINE |
| 131 | JOELLE STINE |
| 132 | JOHN DESMOND |

EXHIBIT 2

Exhibit E--Names of Individuals Included on the Notice List who Requested Exclusion from the Policyholder Subclass

| Seq | Name |
|-----|------|
| 133 | JOHN F OLIVA |
| 134 | JOHN L KOLB |
| 135 | JOHN MULLEY |
| 136 | JOHN ROBERT ESTES |
| 137 | JOHN ULRICH |
| 138 | JOHN WIELICK |
| 139 | JONATHAN CUTTING |
| 140 | JOSEPH A WARD |
| 141 | JOSH BOYLE |
| 142 | JOY LEMAY |
| 143 | JUAN CUEN |
| 144 | JUANITA ANDERSON |
| 145 | JUANITA F MCBRIDE |
| 146 | JUANITA W VERSCHUYL |
| 147 | JUDY BAKER |
| 148 | JULIA M CLARK |
| 149 | JUNE L NICKEL |
| 150 | JUNE M ANDREASEN |
| 151 | JUNG YIM BYUN |
| 152 | JUTA KING |
| 153 | KATHERINE L WHITE |
| 154 | KATHERINE SPRINGER |
| 155 | KATHLEEN PAINTER |
| 156 | KATIE C COX |
| 157 | KATY SMITH |
| 158 | KEITH MILLER |
| 159 | KERRIE A SHISILA |
| 160 | KHAMLA MOULAPAMOK |
| 161 | KIMBERLY C GIRARD |
| 162 | KIMIYO OSAKA |
| 163 | KIRK R DENNY |
| 164 | KITTY WALLIN |
| 165 | KSENIYA A AUSIAIKOVA |
| 166 | LARRY ALAN BOOGAARD |
| 167 | LAVERT HUTCHISON |
| 168 | LAWRENCE E MILLSAPS |
| 169 | LAWRENCE F ROBERGE |
| 170 | LEE P KING |
| 171 | LEO J NOLL |
| 172 | LESTER RICHMAN |
| 173 | LEVI J CHAPMAN |
| 174 | LIHUA LIU |
| 175 | LILIANA L LACHAPEL-POLANCO |
| 176 | LINDA DYCUS |

EXHIBIT 2

Exhibit E--Names of Individuals Included on the Notice List who Requested Exclusion from
the Policyholder Subclass

| Seq | Name |
|-----|------|
| 177 | LINDSAY WALES |
| 178 | LISA A NIELSEN |
| 179 | LISA B EVENS |
| 180 | LISA BRATTON |
| 181 | LISA JOHNSON |
| 182 | LORETTA L DUPREE |
| 183 | LORNA B VANLANKEREN |
| 184 | LORRAINE A KANE |
| 185 | LOWELL HORNEBER |
| 186 | LUCY J COLLIER |
| 187 | LUPE SUAREZ |
| 188 | LYNDA M HAMMAGREN |
| 189 | LYNN RATHBUN |
| 190 | MAMIE W DENSON |
| 191 | MARCELLA LAY |
| 192 | MARCELLA N WESSELS |
| 193 | MARGARET CHO |
| 194 | MARGARET J VAUGHN |
| 195 | MARGARET MELBERG |
| 196 | MARGO ALBE |
| 197 | MARGUERITE MURPHY |
| 198 | MARIE SANDY |
| 199 | MARILYN S ONEAL |
| 200 | MARILYNNE MOOSE |
| 201 | MARJORIE H BAGWELL |
| 202 | MARK HESSELBEIN |
| 203 | MARLEETA A ANSPAUGH |
| 204 | MARLENE SWEENEY |
| 205 | MARSHA HUGHES |
| 206 | MARTHA GARLOCK |
| 207 | MARTHA J RITZ |
| 208 | MARTHA VEYNA |
| 209 | MARTHA WALKER |
| 210 | MARVIN SCHEIDT |
| 211 | MARY B ANDERSON |
| 212 | MARY GARRISON |
| 213 | MARY JANE LUECKENOTTE |
| 214 | MARY JO FIELD |
| 215 | MARY LOU A YINDRA |
| 216 | MARY N TASCHLER |
| 217 | MARY S WILLIAMSON |
| 218 | MARY SCHAAR |
| 219 | MASON BILLINGS |
| 220 | MATTHEW L BROWN |

EXHIBIT 2

Exhibit E--Names of Individuals Included on the Notice List who Requested Exclusion from
the Policyholder Subclass

| Seq | Name |
|---|---|
| 221 | MATTHEW R SCHROEBEL |
| 222 | MATTHEW ROOT |
| 223 | MAURCIA C BROWN |
| 224 | MEDHAT MOSAAD |
| 225 | MELISSA GUERRA |
| 226 | MICHAEL J BLONGEWICZ |
| 227 | MICHAEL JILL KAREL JOINT LIVING TRUST |
| 228 | MICHAEL KUHN |
| 229 | MICHAEL ROUSE |
| 230 | MICHELE A DILIDDO |
| 231 | MICHELE L SLATER |
| 232 | MICHELE TURNER |
| 233 | MICHELLE ESTELL |
| 234 | MICHELLE SEQUERTH |
| 235 | MIHAIL DUMITRU |
| 236 | MILDRED M RAFFETY |
| 237 | MILTON BROWN |
| 238 | MIRIAM E HESSELBEIN |
| 239 | MOLLY A RENSHAW |
| 240 | MONIKA STANDING |
| 241 | MR GLEN WILSON |
| 242 | MUHAYED ABDALLA |
| 243 | MUSA WASIKE |
| 244 | NANCY E NELSON-WRIGHT |
| 245 | NANCY LOYD |
| 246 | NANCY M GEERTZ |
| 247 | NANCY STEVENS |
| 248 | NANCY ZOLLARS |
| 249 | NEIL C BOWLING |
| 250 | NICHOLAS DAIGLE |
| 251 | NILTON OLIVEIRA |
| 252 | NINA HATCH |
| 253 | NYDIA ANTONGIORGI |
| 254 | PAMELA BRULE |
| 255 | PAMELA JOYCE QUON |
| 256 | PATRICIA M FELDER |
| 257 | PATRICIA SAFFRAN |
| 258 | PAUL J CARPENTER |
| 259 | PAUL R COCHRANE |
| 260 | PAUL STEINGEL |
| 261 | PEARL LETVINCHUCK |
| 262 | PEGGY R MCFALL |
| 263 | PHILLIP C WARD |
| 264 | PHILLIP COX |

EXHIBIT 2

Exhibit E--Names of Individuals Included on the Notice List who Requested Exclusion from the Policyholder Subclass

| Seq | Name |
|-----|------|
| 265 | PRIMITIVO RODRIGUEZ |
| 266 | PRUDENCE B KOSTER |
| 267 | RALPH E HOUSER |
| 268 | RALPH STANTON |
| 269 | REBA M FULTON |
| 270 | RENEE MAYS |
| 271 | RICHARD CRIPPEN |
| 272 | RICHARD J MESSINA |
| 273 | RICHARD KARRO |
| 274 | RICHARD STERENCZAK |
| 275 | ROBERT FARROW |
| 276 | ROBERT J KOPICKI |
| 277 | ROBERT REDDOCH |
| 278 | ROBERT W WANDERER |
| 279 | ROBIN GUERRIER |
| 280 | ROCHELLE S ATOVSKY |
| 281 | ROGER SIDENER |
| 282 | ROOPESH SYAMALADEVI |
| 283 | ROSA RICHIE |
| 284 | ROYCE E HAMENDE |
| 285 | SAHRA MALIKYAR |
| 286 | SAMUEL L VANCE |
| 287 | SARA J CHRISTENSEN |
| 288 | SERGEY Y VTORUSHIN |
| 289 | SHANNON HIME |
| 290 | SHEILA A MCQUILLAN |
| 291 | SHELLEY J WADZINSKI |
| 292 | SHIRL WATKINS |
| 293 | SHIRLEY COTTON |
| 294 | SHIRLEY M CARSON |
| 295 | SIMON H ROBERTS |
| 296 | SIMON YAVELBERG |
| 297 | SKYLOR D RIEHLE |
| 298 | STEVEN E EMPSON |
| 299 | STEVEN J LARGENT |
| 300 | SUSAN E KRAUS |
| 301 | SUSAN M KRANZ |
| 302 | SUSAN M PETERS |
| 303 | TANYA PRESTAGE |
| 304 | TERENCE W PHILLIPS |
| 305 | TERESA J DOLLFUSS |
| 306 | TERESA K ISAACSON |
| 307 | TERRI KENNEDY |
| 308 | THANH HUONG NGUYEN |

EXHIBIT 2

Exhibit E—Names of Individuals Included on the Notice List who Requested Exclusion from the Policyholder Subclass

| Seq | Name |
|-----|------|
| 309 | THEODORA ROSE |
| 310 | THERESE E SCHENOSKY |
| 311 | THOMAS BOWEN |
| 312 | THOMAS C HERLACHE |
| 313 | THOMAS KROLY |
| 314 | THOMAS LARSON |
| 315 | THOMAS REID |
| 316 | THOMAS RUSSELL |
| 317 | THOMAS TEBBETTS |
| 318 | TINA M OSBORNESMITH |
| 319 | TOBY WAKSTEIN |
| 320 | TODD A ALDRICH |
| 321 | TODD N TRUAX |
| 322 | UNKNOWN NABEEL-MOHAMMED |
| 323 | VALERIE WEIER |
| 324 | VERNA J DUGAN |
| 325 | VERNON D PELZ |
| 326 | VERONICA A TAFT |
| 327 | VICKIE BERGER |
| 328 | VINAY GAONKAR |
| 329 | VIRGIL A BROWN |
| 330 | WAYNE E WILLIAMS |
| 331 | WEI CHEN |
| 332 | WILLIAM C ROWLAND |
| 333 | WILLIAM J PAGNINI |
| 334 | WILLIAM J WARE |
| 335 | WILLIAM JONES |
| 336 | XIA MOUA |
| 337 | ZEMLY CLOUATRE |

EXHIBIT 3

Exhibit A--Names and Addresses of Individuals and/or Entities Included on the Notice List that (a) Requested Exclusion from the Provider Subclass and (b) Have Mailing Addresses Outside of Massachusetts

| Seq | Name | Address | City | State | Zip |
|---|---|---|---|---|---|
| 1 | ARLINGTON FAMILY CHIROPRACTIC | 1616 W NORTHWEST HWY | ARLINGTON HEIGHTS | IL | 60004 |
| 2 | BIO MAGNETIC RESONANCE | 30781 STEPHENSON HWY | MADISON HTS | MI | 48071 |
| 3 | BK CHIROPRACTIC PA | 10210 PROSPERITY PARK DR STE 400 | CHARLOTTE | NC | 28269 |
| 4 | CDI TWIN CITIES ASC LLC | 5775 WAYZATA BLVD | SAINT LOUIS PARK | MN | 55416 |
| 5 | CEDAR PARK CHIROPRACTIC CLINIC | 345 CYPRESS CREEK RD STE 103 | CEDAR PARK | TX | 78613 |
| 6 | CENTER FOR DIAGNOSTIC IMAGING | 3450 124TH AVE NW STE 100 | MINNEAPOLIS | MN | 55433 |
| 7 | CENTRAL MAINE IMAGING CENTER | 140 CANAL ST STE 1 | LEWISTON | ME | 04240 |
| 8 | COLORADO SPRINGS IMAGING | PO BOX 973357 | DALLAS | TX | 75397 |
| 9 | COMEBACK PT | 9000 BURMA RD STE 102 | PALM BEACH GARDENS | FL | 33403 |
| 10 | COVENANT HEALTHCARE | 1447 N HARRISON ST | SAGINAW | MI | 48602 |
| 11 | CROUSE CHIROPRACTIC | 915 TATE BLVD SE STE 112 | HICKORY | NC | 28602 |
| 12 | GALEN COLLINS DC | 8420 NEW TOWN RD STE 102 | WAXHAW | NC | 28173 |
| 13 | GOLD CROSS AMBULANCE SERVICE | 501 6TH AVE NW | ROCHESTER | MN | 55901 |
| 14 | GREATER WATERBURY IMAGING CENT | 68 ROBBINS ST | WATERBURY | CT | 06708 |
| 15 | HAAS CHIROPRACTIC CENTER LLC | 524 E MAIN ST | SALEM | VA | 24153 |
| 16 | HEALTH IMAGES AT CHERRY HILLS | PO BOX 974960 | DALLAS | TX | 75397 |
| 17 | HURLEY MEDICAL CENTER | 1 HURLEY PLZ | FLINT | MI | 48503 |
| 18 | INSIGHT PREMIER HEALTH LLC | 33 GORHAM RD | SCARBOROUGH | ME | 04074 |
| 19 | JADE MEYLOR DC | 7922 QUIVIRA RD | LENEXA | KS | 66215 |
| 20 | JAFFE CHIROPRACTIC CLINIC INC | 3210 PROSPERITY CHURCH RD | CHARLOTTE | NC | 28269 |
| 21 | JEFFREY J FAIMON DC | 4979 S 155TH ST | OMAHA | NE | 68137 |
| 22 | JOSEPH CROUSE DC | 929 15TH ST NE STE 200 | HICKORY | NC | 28601 |
| 23 | JUSTIN GILMORE DC PC | 14643 N GRAY RD | NOBLESVILLE | IN | 46062 |
| 24 | KALKASKA MEMORIAL HEALTH CENTER | 419 S CORAL ST | KALKASKA | MI | 49646 |
| 25 | MATTHEW J LUNDEBERG | 5721 DRAGON WAY | CINCINNATI | OH | 45227 |
| 26 | MAYO CLINIC HEALTH SYSTEM OWATONNA | 2200 NW 26TH ST | OWATONNA | MN | 55060 |
| 27 | MAYO CLINIC HEALTH SYSTEM-MANKATO | 1025 MARSH ST | MANKATO | MN | 56001 |
| 28 | MAYO CLINIC ROCHESTER | 1216 2ND ST SW | ROCHESTER | MN | 55902 |
| 29 | MAYO CLINIC SCOTTSDALE | 13400 E SHEA BLVD | SCOTTSDALE | AZ | 85259 |
| 30 | MECOSTA COUNTY MEDICAL CENTER | 221 MICHIGAN ST NE STE 501MC60 | GRAND RAPIDS | MI | 49503 |
| 31 | MICHIGAN BIOTECH PARTNERS | 15670 SOUTHFIELD RD | ALLEN PARK | MI | 48101 |
| 32 | MUNSON MEDICAL CENTER | 1105 SIXTH ST | TRAVERSE CITY | MI | 49684 |
| 33 | OAKWOOD HOSPITAL - TAYLOR | 10000 TELEGRAPH RD | TAYLOR | MI | 48180 |
| 34 | OAKWOOD HOSPITAL - WAYNE | 33155 ANNAPOLIS ST | WAYNE | MI | 48184 |
| 35 | OSKALOOSA CHIROPRACTIC CLINIC | 211 N J ST | OSKALOOSA | IA | 52577 |
| 36 | OWATONNA HOSPITAL | 2250 NW 26TH ST | OWATONNA | MN | 55060 |
| 37 | PAUL OLIVER MEMORIAL HOSPITAL | 224 PARK AVE | FRANKFORT | MI | 49635 |
| 38 | PROEX PHYSICAL THERAPY LLC | 210 COMMERCE WAY STE 120 | PORTSMOUTH | NH | 03801 |
| 39 | RADIOLOGY CONSULTANTS OF WA | PO BOX 94624 | SEATTLE | WA | 98124 |
| 40 | SOUTHERN CT DBA WHITNEY IMAGING | 2200 WHITNEY AVE STE 120 | HAMDEN | CT | 06518 |
| 41 | SPECTRUM HEALTH CONTINUING CARE | 221 MICHIGAN ST NE STE 501MC60 | GRAND RAPIDS | MI | 49503 |
| 42 | STAN R SCHIFF MD | 1207 N 200TH ST STE 104A | SHORELINE | WA | 98133 |
| 43 | SURPRISE CHIROPRACTIC | 14545 W GRAND AVE STE A106 | SURPRISE | AZ | 85374 |
| 44 | TOUCH OF LIFE PC | 4214 MEDICAL PKWY STE 201 | AUSTIN | TX | 78756 |
| 45 | VONDRA FAMILY CHIROPRACTIC | 186 E MAIN ST STE 5 | FERNLEY | NV | 89408 |

EXHIBIT 4

Exhibit B—Names and Addresses of Individuals and/or Entities NOT Included on the Notice List that (a) Requested Exclusion from the Provider Subclass and (b) Have Mailing Addresses Outside of Massachusetts

| Seq | Name | Address | City | State | Zip5 |
|---|---|---|---|---|---|
| 1 | ADVANCED CHIROPRACTIC & ACUPUNCTURE CENTER | 2450 E GRASS LAKE RD STE D | LINDENHURST | IL | 60046 |
| 2 | AMANDA KILIAN DC FASA | 3701 S HARVARD AVE STE D | TULSA | OK | 74135 |
| 3 | AUSTIN CHIROPRACTIC AND ACUPUNCTURE CLINIC PC | 6101 BALCONES DR STE 102 | AUSTIN | TX | 78731 |
| 4 | BERMAN FAMILY CHIROPRACTIC AND ACUPUNCTURE CE | 869 JOHN MARSHALL HWY STE B | FRONT ROYAL | VA | 22630 |
| 5 | BLUE RIDGE CHIROPRACTIC & ACUPUNCTURE LLC | 205 E HIRST RD STE 102 | PURCELLVILLE | VA | 20132 |
| 6 | BOWKER CLINIC OF CHIROPRACTIC & SPORTS MEDICI | 7005 SHANNON WILLOW RD STE 200 | CHARLOTTE | NC | 28226 |
| 7 | BRIAN F GUENTHER DC | 1512 S 60TH ST | OMAHA | NE | 68106 |
| 8 | CDI GENEVA LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 9 | CDI OHIO LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 10 | CENTRAL STATES IMAGING LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 11 | CERWIN CLINIC OF CHIROPRACTIC AND SPORTS MEDI | 2711 RANDOLPH RD STE 203 | CHARLOTTE | NC | 28207 |
| 12 | CLINT JACKSON DC | 1739 W KIRBY AVE | CHAMPAIGN | IL | 61821 |
| 13 | CYNTHIA V DUANGPANYA | 1109 ATWELLS AVE | PROVIDENCE | RI | 02909 |
| 14 | DANIEL S BOWKER DC | 7005 SHANNON WILLOW RD STE 200 | CHARLOTTE | NC | 28226 |
| 15 | DIAMOND CHIROPRACTIC & ACUPUNCTURE LLC | 3714 S 132ND ST | OMAHA | NE | 68144 |
| 16 | EAST BAY MEDICAL IMAGING LLC A CA LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 17 | ENCINITAS IMAGING CENTER LLC A CA LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 18 | FERNANDES CHIROPRACTIC LTD | 4093 W ALGONQUIN RD | ALGONQUIN | IL | 60102 |
| 19 | FOUR WINDS CHIROPRACTIC/JEFF & SHARON DOSCH D | 137 SANDY BOTTOM RD | COVENTRY | RI | 02816 |
| 20 | GARFIELD IMAGING CENTER LTD A CA LP | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 21 | IMAGE GUIDED PAIN MANAGEMENT PC A VA CORP | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 22 | INSIGHT HEALTH CORP A DELAWARE CORPORATION | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 23 | INSIGHT PROSCAN LLC AN OHIO LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 24 | JACKSON CHIROPRACTIC PC | 1739 W KIRBY AVE | CHAMPAIGN | IL | 61821 |
| 25 | JEFFREY B WELLS DC | 2450 E GRASS LAKE RD STE D | LINDENHURST | IL | 60046 |
| 26 | JEFFREY J TOSCH DC | 137 SANDY BOTTOM RD | COVENTRY | RI | 02816 |
| 27 | JG DC CHIROPRACTIC LLC | 5115 N DYSART RD STE B212 | LITCHFIELD PARK | AZ | 85340 |
| 28 | JUSTIN M SWANSON DC | 6101 BALCONES DR STE 102 | AUSTIN | TX | 78731 |
| 29 | KARL FOSTER DC | 1901 LONG PRAIRIE RD STE 312 | FLOWER MOUND | TX | 75022 |
| 30 | KEVIN L TUCKER BS DC FASA | 320 NW WOODS CHAPEL RD STE A | BLUE SPRINGS | MO | 64015 |
| 31 | LUCAS CHIROPRACTIC AND ACUPUNCTURE PA | 4425 RANDOLPH RD STE 110 | CHARLOTTE | NC | 28211 |
| 32 | MADAN C RAO DC | 12921 SHOPS PKWY STE 200 | BEE CAVE | TX | 78738 |
| 33 | MAGNETIC IMAGING MEDICAL GROUP INC A CA PROFE | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 34 | MAINE MOLECULAR IMAGING LLC A MAINE LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 35 | MARK W TAYLOR DC | 8501 WADE BLVD STE 240 | FRISCO | TX | 75034 |
| 36 | MATTHEW A LUCAS DC | 4425 RANDOLPH RD STE 110 | CHARLOTTE | NC | 28211 |
| 37 | MATZKE CHIROPRACTIC LLC | 615 GEORGE ST | DE PERE | WI | 54115 |
| 38 | MAXUM HEALTH SERVICES CORP A DELAWARE CORPORA | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 39 | MEMORIAL MEDICAL CENTER OF WEST MICHIGAN | 221 MICHIGAN ST NE STE 501MC60 | GRAND RAPIDS | MI | 49503 |
| 40 | MICHAEL S HAAS DC | 524 E MAIN ST | SALEM | VA | 24153 |
| 41 | OCEAN MEDICAL IMAGING ASSOCIATES LLC A NJ LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 42 | PAMELA A FERNANDES DC | 4093 W ALGONQUIN N RD | ALGONQUIN | IL | 60102 |
| 43 | PERMENTER CHIROPRACTIC INC | 2301 VILLAGE LAKE DR | CHARLOTTE | NC | 28212 |
| 44 | PHILLIP T WONG | 1109 ATWELLS AVE | PROVIDENCE | RI | 02909 |
| 45 | PTW & CVD ENTERPRISES INC | 1109 ATWELLS AVE | PROVIDENCE | RI | 02909 |
| 46 | RANDY W BUTLER DC | 1501 CROSS TIMBERS RD STE 200 | FLOWER MOUND | TX | 75028 |
| 47 | RB CHIRO INC | 1913 DUTTON DR STE 405 | SAN MARCOS | TX | 78666 |
| 48 | ROBERT G NILLES DC | 220 PLYMOUTH ST SW | LE MARS | IA | 51031 |
| 49 | ROBERT G NILLES DC | 3714 S 132ND ST | OMAHA | NE | 68144 |
| 50 | ROBERT P MITCHELL DC PC | 306 E DOWNING ST | TAHLEQUAH | OK | 74464 |
| 51 | ROYCE C BARNETT DC | 1913 DUTTON DR STE 405 | SAN MARCOS | TX | 78666 |
| 52 | SAINT LUKES CENTER FOR DIAGNOSTIC IMAGING LLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |
| 53 | SANDERS CHIROPRACTIC CLINIC PC | 4712 BOAT CLUB RD | FORT WORTH | TX | 76135 |
| 54 | SIDNEY D TAYLOR DC PC | 3617 N MERIDIAN STE 101 | OKLAHOMA CITY | OK | 73112 |
| 55 | SPECTRUM HEALTH CONTINUING CARE CENTER INC | 100 MICHIGAN ST NE STE MC60 | GRAND RAPIDS | MI | 49503 |
| 56 | THE CENTER FOR PHYSICAL REHABILITATION | 5060 CASCADE RD SE STE A | GRAND RAPIDS | MI | 49546 |
| 57 | THOMAS MATZKE DC | 615 GEORGE ST | DE PERE | WI | 54115 |
| 58 | TIMOTHY M STRANAHAN DC | 4214 MEDICAL PKWY STE 201 | AUSTIN | TX | 78756 |
| 59 | TODD M STRANAHAN DC | 4214 MEDICAL PKWY STE 201 | AUSTIN | TX | 78756 |
| 60 | TUCKER CHIROPRACTIC PC | 320 NW WOODS CHAPEL RD STE A | BLUE SPRINGS | MO | 64015 |
| 61 | WILLOWBEND DIAGNOSTIC IMAGING PLLC | 5775 WAYZATA BLVD STE 400 | MINNEAPOLIS | MN | 55416 |