# EXHIBIT Q3

Liberty Mutual Ins. Co. v. Peoples Best Care Chiropractic..., Not Reported in...

34 Mass.L.Rptr. 198

34 Mass.L.Rptr. 198
Superior Court of Massachusetts,
Suffolk, Business Litigation Session.

LIBERTY MUTUAL INS. CO.
v.
PEOPLES BEST CARE CHIROPRACTIC
AND REHABILITATION, INC. et al.

1684CV01239BLS2
|
April 10, 2017

**Opinion**

MEMORANDUM AND ORDER
ALLOWING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

Kenneth W. Salinger, Justice of the Superior Court

 **\*1**  This lawsuit concerns the rates that Liberty Mutual Insurance Company pays to chiropractic clinics under Personal Injury Protection ("PIP") benefit provisions in personal automobile insurance policies. Liberty seeks a declaration that an Illinois court's final judgment that approved the settlement of a nationwide class action regarding these rates is entitled to full faith and credit in Massachusetts and binds the three Defendants, who did not opt out of the Illinois proceeding and therefore are members of the plaintiff class in that case. Defendant Raghubinder Bajwa, M.D., P.C., was defaulted for failing to answer the complaint. Defendants Peoples Best Chiropractic and Rehabilitation, Inc. ("PBC") and Pleasant Valley Chiropractic, LLC ("PVC") (collectively, the remaining "Defendants") oppose Liberty's request and assert counterclaims seeking to bar Liberty from implementing the settlement.

The Court concludes that Liberty is entitled to summary judgment in its favor on all claims. With respect to Liberty's affirmative claim, the Court concludes that there is an actual controversy between the parties and that the Illinois final order and judgment is entitled to full faith and credit in Massachusetts courts. In addition, Liberty is entitled to judgment as a matter of law on Defendants' counterclaims. Defendants sought leave to conduct certain discovery before the Court decided

Liberty's summary judgment motion. The Court denies this request because none of the discovery sought by Defendants concerns any factual issue relevant to whether Liberty is entitled to summary judgment.

1. Factual Background

Liberty was the defendant in a multi-state class action filed in Illinois state court to challenge the way Liberty determines what rates it will pay to chiropractors and other medical care providers under the no-fault PIP provisions of personal automobile insurance policies. The Illinois case was captioned *Leonon Chiropractic Clinic, P.C. v. Liberty Mutual Insurance Company* and docketed as Illinois Circuit Court for St. Clair County, no. 14–L–52.

Liberty compares billed charges for medical treatment to a database of charges that Liberty believes are for similar services provided in the same geographic area. Since 2011 Liberty has done so using data maintained by a non-profit company called FAIR Health, Inc. Liberty generally refuses to pay rates any higher than the 80th percentile of similar charges according to the FAIR Health data. The plaintiffs in the Illinois case claimed that this practice was unlawful.

The parties to the Illinois lawsuit entered into a Stipulation of Settlement in October 2014 that would resolve all claims on behalf of a proposed class. The "settlement class" included subclasses of policyholders, claimants, and medical providers in thirty-eight states, including Massachusetts. The provider subclass consisted of medical care providers that provided PIP–covered treatment from June 25, 2008, through October 31, 2014, and had their requests for reimbursement reduced by Liberty as a result of its use of a computerized database.

 **\*2**  The essence of the proposed settlement was that the parties agreed to the method that Liberty would use to determine the reasonableness of charges for covered treatment during the five years after October 31, 2014. The settlement agreement provided that, if the class were certified and the settlement were approved, then the class members would stipulate that Liberty's determination of the reasonableness of charges for future claims during this five-year period using the agreed-upon method would be lawful, release all claims arising from payments by Liberty made on or before October 31, 2014, and agree not to sue

Case 2:17-cv-13815-SFC-DRG ECF No. 12-20, PageID.914 Filed 05/30/18 Page 3 of 6

Liberty Mutual Ins. Co. v. Peoples Best Care Chiropractic..., Not Reported in...

34 Mass.L.Rptr. 198

Liberty to contest its determination of the reasonableness of future charges using the agreed-upon method.

After the Illinois court preliminarily approved the settlement, a court-approved notice was sent to each potential class member, including PBC and PVC. This notice was sent to Defendants at the same addresses they used when billing Liberty; it is undisputed that the notice was sent to the correct addresses. Defendants had the opportunity to opt out of the proposed class, but they did not do so.

At the final settlement hearing, Attorney Brian McNiff (who now represents PBV and PVC in this case) objected to the settlement on the grounds that it was unfair to Massachusetts class members. The Illinois court overruled all objections, certified the proposed class, and approved the settlement in February 2015. That decision was affirmed on appeal in February 2016.

### 2. Actual Controversy

There is an actual controversy between the parties regarding the enforceability of the Illinois final order that can be resolved by declaring the rights of the parties in accord with G.L.c. 231A.

Since the Illinois class action settlement was approved in February 2015, Defendants have brought more than thirty lawsuits against Liberty in Massachusetts district courts in which Defendants have challenged Liberty's payment of less than the full face amount of a PIP charge. Liberty contends that such claims are barred by the covenant not to sue in the Illinois class action settlement, and that the final order by the Illinois court is enforceable in Massachusetts under the Full Faith and Credit clause of the United States Constitution. Defendants contend that the final order approving the Illinois class action settlement is not enforceable in Massachusetts and that they are not bound by it.

The fact that Defendants have no pending lawsuits against Liberty does not put an end to the actual controversy regarding whether the Illinois final order is valid and enforceable against Massachusetts class members like the Defendants. Cf. *St. George Greek Orthodox Cathedral of Western Mass., Inc. v. Fire Dept. of Springfield,* 462 Mass. 120, 124 (2012) (actual controversy existed as to validity

of city ordinance regarding automatic fire alarm systems, even if city had not commenced any enforcement action against plaintiff).

Defendants are continuing to provide chiropractic services and thus are quite likely to continue seeking reimbursement from Liberty under PIP benefits provided to Massachusetts drivers. It is evident that Defendants will continue to dispute whether Liberty is entitled to determine the reasonableness of Defendants' charges using the method that Defendants and all other class members stipulated to in the Illinois proceeding. Indeed, Defendants own counterclaims in this action—in which they claim that Liberty violates Massachusetts law if it complies with the terms of the Illinois final order—confirm that there remains a live, actual controversy between the parties.

### 3. Full Faith and Credit

The undisputed facts show that the Illinois final order and judgment is entitled to full faith and credit in Massachusetts courts and that Defendants, as members of the plaintiff class in the Illinois proceeding, are bound by that order and by the covenant not to sue Liberty. [1]

**\*3** "[T]he full faith and credit clause of the United States Constitution, art. IV, § 1, requires Massachusetts courts to recognize a final judgment obtained in another State as long as the judgment-rendering State possessed personal jurisdiction over the parties and jurisdiction over the subject matter of the action in which the judgment was rendered." *Bishins v. Richard B. Mateer, P.A.,* 61 Mass.App.Ct. 423, 428 (2004). "The Constitution's Full Faith and Credit Clause is implemented by the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738." *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 80 (1984). Under that statute, "a judgment entered in a class action, like any other judgment entered in a state judicial proceeding, is presumptively entitled to full faith and credit" in every other court in the United States. *Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 374 (1996).

### 3.1. Due Process and Personal Jurisdiction

Case 2:17-cv-13815-SFC-DRG   ECF No. 12-20, PageID.915   Filed 05/30/18   Page 4 of 6
Liberty Mutual Ins. Co. v. Peoples Best Care Chiropractic..., Not Reported in...
34 Mass.L.Rptr. 198

Defendants' assertion that it would violate due process for them to be bound by the Illinois final order is without merit. A state court may bind an absent plaintiff in a class action "even if he or she lacks minimum contacts with the forum, so long as basic due process protections are provided." *Moelis v. Berkshire Life Ins. Co.,* 451 Mass. 483, 486–87 (2008). Due process is satisfied so long as members of a plaintiff class are given notice of the proceeding, an opportunity to opt out of the class, and "an opportunity to be heard and participate in the litigation, whether in person or through counsel." *Philips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985).

The record shows, and the Illinois appellate court found, that all of these due process requirements were satisfied in this case. Both Defendants were given notice of the lawsuit and of the proposed class action settlement. Defendants were told they could opt out of the class, and took no action to do so. They were represented by class counsel. The Illinois court expressly found that the class members received adequate representation. And Defendants had the opportunity to lodge an objection to the proposed settlement, by themselves or through counsel of their choice. Nothing more was required to satisfy due process.

Defendants received adequate notice of the class action. Service of the notice by first class mail to Defendants' correct address was sufficient because it was "reasonably calculated" to inform Defendants of the pending class action and proposed settlement, and of their opportunity to raise objections. *Town of Andover v. State Financial Svcs., Inc.,* 432 Mass. 571, 574–75 (2000), quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); accord *Phillips Petroleum,* 472 U.S. at 812–14 (notice to members of putative class of plaintiffs by first class mail with opportunity to opt out satisfies due process). Liberty is not required to present direct evidence that Defendants in fact received the notice. *Id.*

Defendants' complaint that the Illinois court nullified certain opt-out requests by Massachusetts medical providers and their assertion that the court barred Defendants from seeking legal advice from their own lawyers mischaracterizes what actually happened in the Illinois proceeding. In its final order and judgment, the Illinois found that three Massachusetts law firms, including the firm that now represents Defendants in this action, had sent "materially false and misleading" descriptions of the proposed class action settlement to

medical providers in Massachusetts. As a remedy, the court invalidated the roughly 500 opt-out notices that had been submitted by Massachusetts providers and ordered that those providers be provided with a curative notice regarding the proposed settlement and given additional time to decide whether they still wished to opt out. Roughly 300 providers who received the curative notice again opted out. None of that affected Defendants, because they had never opted out in the first place. The Illinois court also barred the lawyers from reiterating the substance of any of the particular statements that the court specifically found to be false or misleading. Nothing in the Illinois order barred Defendants from speaking with their attorneys, however. Defendants' assertion that their lawyers were subject to a complete gag order and not allowed to speak with their clients is incorrect.

### 3.2. Consistency with Massachusetts Law

**\*4** Defendants' assertion that the Illinois judgment violates Massachusetts law and therefore is not entitled to full faith and credit in Massachusetts is also without merit.

First, the Illinois settlement does not rewrite the standard Massachusetts Automobile Insurance Policy and thus did not have to be approved by the Massachusetts Commissioner of Insurance. The standard policy provides that PIP benefits include payment of "all reasonable expenses incurred as a result of the accident for necessary medical, surgical, x-ray and dental services." This coverage is mandated by statute. See G.L.c. 90, § 34A (definition of "personal injury protection") and § 34M (mandating PIP benefits). An insurer providing PIP benefits is not required to pay whatever amount a medical provider chooses to bill; only reasonable expenses need be paid. *Columbia Chiropractic Group, Inc. v. Trust Ins. Co.,* 430 Mass. 60, 64 (1999); accord *Boston Medical Ctr. Corp. v. Secretary of Exec. Office of Health and Human Svcs.,* 463 Mass. 447, 456–57 (2012) (statute requiring Medicaid program to reimburse hospitals' "reasonable" costs does not mandate reimbursement of actual but unreasonable costs).

Nothing in the settlement agreement approved in the Illinois judgment modifies Liberty's obligation under the standard policy to pay "reasonable expenses." To the contrary, the approved settlement merely reflects an agreement as to how Liberty may go about determining

Case 2:17-cv-13815-SFC-DRG ECF No. 12-20, PageID.916 Filed 05/30/18 Page 5 of 6

Liberty Mutual Ins. Co. v. Peoples Best Care Chiropractic..., Not Reported in...

34 Mass.L.Rptr. 198

whether payment requests by medical providers are reasonable or not. Nothing in the standard policy or the underlying statute bars an auto insurer and a single medical provider from reaching agreement as to what range of rates both sides consider to be reasonable for purposes of paying PIP benefits. The mere fact that the Illinois judgment resolved a class action, rather than a dispute with a single medical provider, is immaterial.

Second, the stipulation of settlement approved by the Illinois court does not appear to violate G.L.c. 176D, § 3A. The settlement provides that Liberty may determine what constitutes a reasonable charge for a covered treatment using any of several different methods, including by paying "the amount authorized by a written PPN or PPO agreement to which the Medical Provider is a party." The Court agrees with Defendants that, if this provision allowed Liberty to take advantage of low rates that some preferred provider network or organization had negotiated with some insurer other than Liberty, then it would violate § 3A. In relevant part, that statute bars insurers from setting "the price to be paid to any health care facility or provider by reference to the price paid, or the average of prices paid, to that health care facility or provider under a contract or contracts with any other nonprofit hospital service corporation, medical service corporation, insurance company, health maintenance organization or preferred provider arrangement. G.L.c. 176D, § 3A, clause (iii). But the Court construes this provision only as allowing Liberty to hold a medical provider to rates set in a contract between Liberty and a PPN or PPO in which the medical provider is a member. Construed in this manner, the provision does not violate § 3A.

### 4. Disposition of Counterclaims

**\*5** The rulings above also dispose of Defendants' three counterclaims.

In Count I, Defendants claim that the Illinois settlement violates G.L.c. 176D, § 3A, because it allows Liberty to force medical providers to accept payment based on prices paid under contracts with insurers other than Liberty. As explained above, the Court construes the disputed settlement provision only as allowing Liberty to hold medical providers to rates established in contracts to which Liberty is a party. This claim therefore fails as a matter of law.

In Count II, Defendants claim that the Illinois settlement has the effect of rewriting the standard Massachusetts Automobile Insurance Policy and therefore, under G.L.c. 175, § 113A, cannot take effect in Massachusetts unless and until it is reviewed and approved by the Commissioner of Insurance. As discussed above, Defendants mischaracterize the Illinois settlement. The agreement approved by the Illinois court regarding what rates are reasonable does not rewrite the standard policy provision requiring that as part of any PIP benefits Liberty must pay reasonable medical expenses. This claim also fails as a matter of law.

Finally, in Count III Defendants allege that Liberty violated the Illinois final order "by asserting that it is the provider whose participation in the Class Settlement controls the payment of future benefits." The Illinois class action was brought on behalf of medical providers. The settlement approved by the Illinois court was a settlement in which Liberty and all participating medical providers (including Defendants) agreed what payment levels would be deemed "reasonable" under PIP benefit provisions in automobile policies. The settlement class approved by the Illinois court included a policyholder subclass, a claimant subclass, and a provider subclass. All members of the provider subclass, including Defendants, are bound by the settlement agreement. Liberty has not violated the Illinois court's order by accurately explaining what that order provided. This claim also has no merit as a matter of law.

### ORDER

Plaintiff's motion for summary judgment is ALLOWED. Final judgment shall enter dismissing Defendants' counterclaims with prejudice and also declaring that: (1) the Final Order and Judgment entered in *Lebanon Chiropractic, LLC v. Liberty Mutual Ins. Co.,* Illinois Circuit Court for St. Clair County, civil action no. 14–L–521, is entitled to full faith and credit in the courts of the Commonwealth of Massachusetts; and (2) Defendants Peoples Best Care Chiropractic and Rehabilitation, Inc., Pleasant Valley Chiropractic, LLC, and Raghubinder Bajwa, M.D., P.C., are bound by the terms of the *Lebanon Chiropractic* Final Order and Judgment.

34 Mass.L.Rptr. 198

**All Citations**

Not Reported in N.E.3d, 34 Mass.L.Rptr. 198, 2017 WL 2427562

Footnotes

1     At oral argument Liberty waived the portion of its prayer for relief seeking a declaration that the Illinois final order enjoins Defendants from bringing lawsuits in Massachusetts or elsewhere. It is not at all clear that "a state-court injunction barring a party from maintaining litigation in another State" must be enforced under the Full Faith and Credit Clause. See *Baker v. General Motors Corp.,* 522 U.S. 222, 235–36 & n.9 (1998). But, as Liberty recognized by waiving this prayer for relief, the Court can resolve the current controversy between the parties without reaching that issue.

**End of Document**                                                        © 2018 Thomson Reuters. No claim to original U.S. Government Works.