# EXHIBIT G

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MICHIGAN HEAD & SPINE INSTITUTE, P.C.              Case No. 16-        -NF
                                                   Hon.

                    Plaintiff,

v

LIBERTY MUTUAL INSURANCE COMPANY,   and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                    Defendants.

_____

MILLER & TISCHLER, P.C.
BY:  MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI  48334
(248) 945-1040 / (248) 536-5042 fax
email:  mvislosky@msapc.net

_____

> A lawsuit involving similar issues and the same parties was filed in
> Oakland County Circuit Court, Case Number: 15-148373-NF, in
> front of the Honorable Phyllis C. McMillen.  That matter is still
> pending.

                         */s/ Milea M. Vislosky*
                          Milea M. Vislosky (P69306)
                           Attorneys for Plaintiff

**COMPLAINT AND JURY DEMAND**

Plaintiff, MICHIGAN HEAD & SPINE INSTITUTE (hereinafter MHSI), by its

attorneys, Miller & Tischler, P.C., for its Complaint, allege as follows:

**INTRODUCTION AND BACKGROUND**

1.      Plaintiff, MHSI, consists of 13 neurosurgeons, 7 physiatrists, 2 neurologists, a

neuropsychologist, 2 certified physician assistants, 2 nurse practitioners, and 3 chiropractors,

who provide comprehensive medical, therapeutic, diagnostic, and rehabilitative services to

individuals with neck, spine and brain conditions, throughout metro-Detroit and Southeastern Michigan.

2.      MHSI's doctors are leaders in the neurosurgical field, they are highly regarded and hold the top positions in the major hospital systems.

3.      MHSI provided expert care and treatment to various patients that sustained injuries in motor vehicle accidents.   Said patients were insured by Defendant LIBERTY MUTUAL INSURANCE COMPANY and upon information and belief, by LIBERTY MUTUAL FIRE INSURANCE COMPANY (collectively referred to as LIBERTY MUTUAL).

4.      Under Michigan's No-Fault Act, personal protection insurance benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation" for "[a]ccidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle."   MCL 500.3107(1)(a) and MCL 500.3105.

5.      The Act further provides that the charge may not exceed the customary charge for the provided service:

> "A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance."   MCL 500.3157.

6.      In accordance with the Michigan No-Fault Act, MCL 500.3101, *et seq.*, MHSI submitted its usual and customary charges and corresponding medical records for the reasonably necessary medical treatment and services rendered to LIBERTY MUTUAL's insureds, as detailed in **EXHIBIT 1.**

2

7.     During the time period at issue in this litigation from February 27, 2015 through present, MHSI submitted bills related to the specific patients and LIBERTY MUTUAL's insureds ("The Patients"), detailed in **EXHIBIT 1.**

8.     Relying upon a secret and flawed database used to audit and slash MHSI's charges, LIBERTY MUTUAL made payments that were a fraction of the total charges.

9.     By this Complaint, MHSI is seeking declaratory relief that its charges, as billed, are reasonable and customary, that LIBERTY MUTUAL is responsible for the remaining balance for services MHSI provided LIBERTY MUTUAL's insureds, that the database upon which LIBERTY MUTUAL relies is unreliable and uses flawed data to improperly reduce reimbursement to MHSI in violation of the Michigan No-Fault Act, and LIBERTY MUTUAL's conduct is unreasonable and MHSI is entitled to No-Fault interest and attorney fees.

## THE PARTIES

10.     MHSI is a corporation duly organized under the laws of the State of Michigan.

11.     MHSI has its principal place of business in Southfield, Oakland County, Michigan.

12.     At all times relevant to this Complaint, MHSI was authorized and did conduct business in the State of Michigan.

13.     LIBERTY MUTUAL is a corporation organized under the laws of the State of Michigan and at all times has availed itself and conducted business within Oakland County, Michigan.

## JURISDICTION AND VENUE

14.     The amount in controversy, exclusive of interest and costs, exceeds $25,000.00.

3

15.     Venue is proper in accordance with MCL 600.1621, because the Defendant conducts business in Oakland, Michigan.

**<u>MICHIGAN'S NO-FAULT ACT</u>**

16.     Paragraphs 1 through 15 are incorporated as if fully restated herein.

17.     The Patients (identified in **EXHIBIT 1**) all sustained accidental bodily injury arising out of motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq.*

18.     The Patients and MHSI, their medical care provider, are entitled to be paid all reasonable charges for all reasonably necessary products, services and accommodations related to their care, recovery and rehabilitation, pursuant to the Michigan No-Fault Act, MCL 500.3107(1)(a).

19.     MHSI provided medical services to the Patients and submitted reasonable proof of the fact and the amount of each loss to LIBERTY MUTUAL pursuant to MCL 500.3142.

20.     LIBERTY MUTUAL is the No-Fault insurers that is responsible to pay No-Fault benefits to or for the benefit of the Patients, specifically identified in **EXHIBIT 1.**

21.     LIBERTY MUTUAL received timely and reasonable proof of the fact and amount of each of MHSI's charges incurred in the medical care and treatment provided to the Patients.

22.     MHSI requested payment of its reasonable and customary charges for the medical care and treatment provided to the Patients.

23.     LIBERTY MUTUAL has unreasonably withheld and/or delayed full payment to MHSI, relying upon a database that upon information and belief, it has obtained through contracting with a cost-containment company, Mitchell Medical, which purchases data and

4

formats to use the data from Fair Health, Inc., a national collector of medical and dental claims data.

24.     After a determination that a medical procedure or service meets the predicates for payment under the Michigan No-Fault Act, LIBERTY MUTUAL submits the medical bill to Mitchell Medical that utilizes the Fair Health, Inc. database information to determine whether the specific charge or charges are "reasonable and customary" in accordance with the Michigan No-Fault Act.  Reductions occur by computer automation in the Mitchell Medical system, contracted by LIBERTY MUTUAL.

25.     Fair Health, Inc. was created as a purported independent, non-profit organization to develop a nationwide database for consumer reimbursement to replace Ingenix.

26.     Upon information and belief, LIBERTY MUTUAL licenses this database information through Mitchell Medical.

27.     Upon information and belief, there is no review procedure in place at LIBERTY MUTUAL to verify the accuracy of the data in the Fair Health database to confirm that it, and the analysis applied using the data, comports with the Michigan No-Fault Act and case law interpreting same.

28.     While LIBERTY MUTUAL claims that its reductions are based upon what other providers in the geographic area charge for the same or similar services, LIBERTY MUTUAL refuses to produce information regarding the other providers MHSI is being compared against to determine reasonableness of its charges.

29.     Upon information and belief, the Fair Health, Inc. database utilized by LIBERTY MUTUAL to audit medical bills from February 27, 2015 to the present, includes charge data and

information from Medicare, Medicaid, Workers' Compensation and/or other commercial health insurance payers.

30.     By utilizing this database to review claims of MHSI, LIBERTY MUTUAL is in violation of the Michigan No-Fault Act and long-established case law.

31.     LIBERTY MUTUAL's actions in withholding and/or delaying full payment to MHSI is a breach of its statutory and/or contractual obligations to timely provide No-Fault benefits.

32.     LIBERTY MUTUAL's actions in withholding and/or delaying payment subjects it to No-Fault penalty interest, pursuant to MCL 500.3142.

33.     LIBERTY MUTUAL's actions in withholding and/or delaying payment are unreasonable within the meaning of the Michigan No-Fault Act, and subjects it to liability for No-Fault penalty attorney fees, pursuant to MCL 500.3148.

34.     An actual controversy exists between MHSI and LIBERTY MUTUAL with respect to MHSI's right to reimbursement from LIBERTY MUTUAL for its reasonable and customary charges for the reasonably necessary medical treatment, products, services and accommodations rendered to LIBERTY MUTUAL's insureds pursuant to the Michigan No-Fault Act.

35.     MHSI seeks declaratory relief clarifying its rights and LIBERTY MUTUAL's obligations under the Michigan No-Fault Act.

36.     This controversy is between MHSI and LIBERTY MUTUAL, and thus all necessary parties have been named in this action.

WHEREFORE, MHSI respectfully prays for judgment in its favor as follows:

a.      Declare MHSI's full charges, as billed, are reasonable and customary and properly payable in accordance with the Michigan No-Fault Act;

6

b. Declare LIBERTY MUTUAL responsible for payment of the remaining balance to MHSI and enter judgment in that amount against LIBERTY MUTUAL, in addition to costs, RJA interest and No-Fault penalty interest pursuant to MCL 500.3142;

c. Declare the database(s) upon with LIBERTY MUTUAL relies in support of the major reductions to MHSI's charges is unreliable, uses flawed and/or improper data to improperly reduce reimbursement to MHSI in violation of the Michigan No-Fault Act;

d. Declare LIBERTY MUTUAL received reasonable proof of the fact and the amount of loss as to each of MHSI's charges incurred in the medical care and treatment provided to the Patients and that those amounts not paid in full after 30 days are "overdue" pursuant to MCL 500.3142;

e. Declare LIBERTY MUTUAL's conduct is unreasonable and MHSI is entitled to an award of attorney fees pursuant to MCL 500.3148; and

f. Grant such additional relief as this Court deems just and proper under Michigan law and the principles of equity.

Respectfully submitted,

MILLER & TISCHLER, P.C.


/s/ Milea M. Vislosky
MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040 // (248) 536-5042 fax
Dated: February 26, 2016          mvislosky@msapc.net

7

## JURY TRIAL DEMAND

Plaintiff MHSI hereby demands a trial by jury on all claims.

Respectfully submitted,

MILLER & TISCHLER, P.C.


*/s/ Milea M. Vislosky*
MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI  48334
(248) 945-1040 // (248) 536-5042 fax
Dated: February 26, 2016          mvislosky@msapc.net

8

# EXHIBIT H

## RELEASE OF SPECIFIC CLAIMS FOR PERSONAL PROTECTION INSURANCE BENEFITS

Michigan Head & Spine Institute, P.C. v Liberty Mutual Insurance Company

Case No.: 16-151729-NF

Claim Numbers:

| | |
|---|---|
| 028308089-0001 (Al-Wajeh) | 031617808-0001 (Austin) |
| 032246137-0001 (Ampey) | 033056807-0001 (Bano) |
| 030405203-0002 (Baggi, J.) | 031228634-0001 (Bashista) |
| 030405203-0001 (Baggi, S.) | 021923128-0001 (Bratuianu) |
| 027380301-0002 (Bolden) | 033128058-0001 (Burks) |
| 030250718-0002 (Chandler) | 032303063-0003 (Burton) |
| 031490635-0001 (Creeger) | 030932899-0001 (Dowdell) |
| 028832771-0001 (Flaherty) | 033175591-0001 (Gibson) |
| 031334636-0001 (Furlow) | 005825468-000 (Goodreau) |
| 028368349-0004 (Ford) | 032897035-0003 (Hadi) |
| 032368782-0003 (Gissendanner) | 027456919-0006 (Jones) |
| 023736276-0001 (Gray) | 029483155-0001 (Kirk) |
| 029634038-0001 (Hajjar) | 031829907-0002 (Langley) |
| 031810113-0003 (Goga) | 031490961-0001 (McCright) |
| 029925217-0002 (Jackson, B.) | 031725572-0006 (McHenry) |
| 031901590-0004 (Ishak) | 031391880-0004 (Mullen) |
| 033304603-0001 (Jelinek) | 031171034-0001 (Page) |
| 033032747-0001 (Joel) | 032746549-0001 (Parker) |
| 030088746-0002 (Mallory, Joseph) | 032576762-0003 (Patillo) |
| 030088746-0001 (Mallory, Saundra) | 030875342-0001 (Peacock) |
| 027327166-0001 (Judson) | 032022372-0001 (Ramadan) |
| 028252236-000 (Justice) | 031890694-0001 (Rothenberg) |
| 032988474-0001 (Keevil) | 031994046-0001 (Stennis) |
| 033029822-0001 (Khoury) | 028889199-0001 (Wolney) |
| 030839306-0002 (Lane) | 031396399-0001 (Youman) |
| 031437373-0001 (Panajoti) | |
| 031689735-0001 (Pippins) | |
| 029938561-0001 (Sharrak) | |
| 032449960-0001 (Stubblefield) | |
| 032655469-0004 (Suber) | |
| 008985425-0002 (Vansumeren) | |
| 033195596-0001 (Wortham) | |

In consideration of ONE HUNDRED EIGHTY THOUSAND AND 00/100 HUNDRED DOLLARS ($180,000.00), sufficiency of which is acknowledged, the undersigned, Michigan Head & Spine Institute, P.C. (MHSI), hereby releases Liberty Mutual Insurance Company (Liberty Mutual), and all other persons and organizations associated with it for all of the specific claims concerning personal medical bills payable for losses and damages incurred by the listed patients for the specific dates of service/treatment identified in Exhibit A, through October 10,

NOV 1 0 2016

2016 only, for products and/or services provided to the following individuals as a result of a their respective motor vehicle accidents, as set forth below:

| | | | |
|---|---|---|---|
| Ali Al-Wajeh | (10/30/2013) | Seletha Suber | (09/22/2015) |
| Karissa Ampey | (06/29/2015) | Scott Vansmuren | (12/01/2007) |
| Sonja Bolden | (06/10/2013) | Antwanique Wortham | (01/20/2016) |
| Albert Chandler | (07/25/2014) | Willie Page | (12/21/2014) |
| James Baggi | (08/15/2014) | Clifford Austin | (02/05/2015) |
| Sharon Baggi | (08/15/2014) | Roland Bano | (12/21/2015) |
| Mark Creeger | (01/26/2015) | Ronald Bashista | (01/03/2015) |
| Cheri Flaherty | (01/04/2014) | Leila Sharrak | (06/06/2014) |
| Johnny Furlow | (09/26/2014) | Miluta Bratuianu | (02/11/2012) |
| Eric Gray | (08/15/2012) | Danasha Burks | (12/28/2015) |
| Mike Hajjar | (04/30/2014) | Lavern Burton, Jr. | (07/09/2015) |
| Bernard Jackson | (06/08/2014) | Shamar Dowdell | (11/05/2014) |
| Brenda Gissendanner | (07/23/2015) | Brandi Wolney | (01/22/2014) |
| John Goga | (04/02/2015) | Charles Ford | (11/13/2013) |
| Janina Ishak | (04/18/2015) | Natasha Gibson | (01/15/2016) |
| Joseph Mallory | (06/30/2014) | Brian Goodreau | (04/15/2005) |
| Saundra Mallory | (06/30/2014) | Syed Hadi | (11/12/2015) |
| Paul Jelinek | (02/13/2016) | Tambora Jones | (07/14/2013) |
| Carmen Joel | (12/15/2015) | Bridget Kirk | (04/09/2014) |
| Dana Judson | (06/27/2013) | Virginia Langley | (04/06/2015) |
| Michael Justice | (10/29/2013) | Diane McCright | (01/13/2015) |
| Charles Keevil | (12/04/2015) | Johnie McHenry | (03/15/2015) |
| Mary Khoury | (12/06/2015) | Betty Mullen | (02/03/2015) |
| Pauline Lane | (10/23/2014) | Frank Parker | (09/15/2015) |
| Genti Panajoti | (02/04/2015) | Phylllis Patillo | (09/04/2015) |
| Brice Pippins | (03/09/2015) | Robert Peacock | (10/29/2014) |
| Gabrielle Stubblefield | (07/03/2015) | Intesar Ramadan | (05/16/2015) |
| Sarah Rothenberg | (04/18/2015) | Willie Stennis | (05/08/2015) |
| Aghata Youman | (01/30/2015) | | |

MHSI understands and agrees that this is the settlement and final disposition of all disputed claims set forth in Exhibit A only, between MHSI and Liberty Mutual with respect to any and all benefits, rights, or privileges to which the undersigned MHSI may be entitled for all products and/or services provided to the above-named individuals through October 10, 2016, only, pursuant to the respective contracts to insure or insurance policies, provisions of the Michigan No-Fault Automobile Insurance Act, MCL 500.3101, *et seq.*, or any other statute of the State of Michigan through October 10, 2016 only for the specific claims identified in Exhibit A.

MHSI understands that settlement of the specific claims identified in Exhibit A does not constitute an admission of liability on behalf of Liberty Mutual.

It is further understood and agreed that this release is reciprocal and Liberty Mutual waives any claims it may have against MHSI for any claims arising out of the claims made in this case.

MHSI declares that they have read this release and understand its terms.

Dated: _11-4-16_           _____

REPRESENTATIVE OF MICHIGAN HEAD & SPINE
INSTITUTE, P.C.

Witness:

Mary G Martin

Robyn Jokinen

Subscribed and sworn to before me this

_4_ day of _November_ , 2016

Notary Public

_Wayne_ County, Michigan

My Commission Expires: _10-26-22_

```
STEPHANIE M. HENDERSHOTT
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires Oct. 26, 2022
Acting in the County of Oakland
```

# EXHIBIT I

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MICHIGAN HEAD & SPINE INSTITUTE, P.C.                    Case No. 16-        -NF
                                                         Hon.

                    Plaintiff,

v

LIBERTY MUTUAL INSURANCE COMPANY,   and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

                    Defendants.

_____

MILLER & TISCHLER, P.C.
BY:  MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI  48334
(248) 945-1040 / (248) 536-5042 fax
email:  mvislosky@msapc.net

_____

Previous lawsuits involving similar issues and the same parties were filed in Oakland County Circuit Court, Case Numbers: 15-148373-NF and 16-151729-NF, in front of the Honorable Phyllis C. McMillen.  Case Number: 15-148373-NF is no longer pending and 16-151729-NF is still pending.

                    */s/ Milea M. Vislosky*
                    Milea M. Vislosky (P69306)
                    Attorneys for Plaintiff

**COMPLAINT AND JURY DEMAND**

Plaintiff, MICHIGAN HEAD & SPINE INSTITUTE (hereinafter MHSI), by its attorneys, Miller & Tischler, P.C., for its Complaint, allege as follows:

**INTRODUCTION AND BACKGROUND**

1.     Plaintiff, MHSI, consists of 14 neurosurgeons, 8 physiatrists, 2 neurologists, a neuropsychologist, 1 certified physician assistants, 2 nurse practitioners, and 3 chiropractors,

who provide comprehensive medical, therapeutic, diagnostic, and rehabilitative services to individuals with neck, spine and brain conditions, throughout metro-Detroit and Southeastern Michigan.

2.     MHSI's doctors are leaders in the neurosurgical field, they are highly regarded and hold the top positions in the major hospital systems.

3.     MHSI provided expert care and treatment to various patients that sustained injuries in motor vehicle accidents.  Said patients were insured by Defendant LIBERTY MUTUAL INSURANCE COMPANY and upon information and belief, by LIBERTY MUTUAL FIRE INSURANCE COMPANY (collectively referred to as LIBERTY MUTUAL).

4.     Under Michigan's No-Fault Act, personal protection insurance benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation" for "[a]ccidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle."  MCL 500.3107(1)(a) and MCL 500.3105.

5.     The Act further provides that the charge may not exceed the customary charge for the provided service:

> "A physician, hospital, clinic or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a reasonable amount for the products, services and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services and accommodations in cases not involving insurance." MCL 500.3157.

6.     In accordance with the Michigan No-Fault Act, MCL 500.3101, *et seq.*, MHSI submitted its usual and customary charges and corresponding medical records for the reasonably necessary medical treatment and services rendered to LIBERTY MUTUAL's insureds, as

detailed in **EXHIBIT 1.**

7.     During the time period at issue in this litigation from October 26, 2015 through present, MHSI submitted bills related to the specific patients and LIBERTY MUTUAL's insureds ("The Patients"), detailed in **EXHIBIT 1.**

8.     Relying upon a secret and flawed database used to audit and slash MHSI's charges, LIBERTY MUTUAL made payments that were a fraction of the total charges.

9.     By this Complaint, MHSI is seeking declaratory relief that its charges, as billed, are reasonable and customary, that LIBERTY MUTUAL is responsible for the remaining balance for services MHSI provided LIBERTY MUTUAL's insureds, that the database upon which LIBERTY MUTUAL relies is unreliable and uses flawed data to improperly reduce reimbursement to MHSI in violation of the Michigan No-Fault Act, and LIBERTY MUTUAL's conduct is unreasonable and MHSI is entitled to No-Fault interest and attorney fees.

## THE PARTIES

10.    MHSI is a corporation duly organized under the laws of the State of Michigan.

11.    MHSI has its principal place of business in Southfield, Oakland County, Michigan.

12.    At all times relevant to this Complaint, MHSI was authorized and did conduct business in the State of Michigan.

13.    LIBERTY MUTUAL is a corporation organized under the laws of the State of Michigan and at all times has availed itself and conducted business within Oakland County, Michigan.

## JURISDICTION AND VENUE

14.    The amount in controversy, exclusive of interest and costs, exceeds $25,000.00.

15.     Venue is proper in accordance with MCL 600.1621, because the Defendant conducts business in Oakland, Michigan.

### MICHIGAN'S NO-FAULT ACT

16.     Paragraphs 1 through 15 are incorporated as if fully restated herein.

17.     The Patients (identified in **EXHIBIT 1**) all sustained accidental bodily injury arising out of motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq.*

18.     The Patients and MHSI, their medical care provider, are entitled to be paid all reasonable charges for all reasonably necessary products, services and accommodations related to their care, recovery and rehabilitation, pursuant to the Michigan No-Fault Act, MCL 500.3107(1)(a).

19.     MHSI provided medical services to the Patients and submitted reasonable proof of the fact and the amount of each loss to LIBERTY MUTUAL pursuant to MCL 500.3142.

20.     LIBERTY MUTUAL is the No-Fault insurer that is responsible to pay No-Fault benefits to or for the benefit of the Patients, specifically identified in **EXHIBIT 1.**

21.     LIBERTY MUTUAL received timely and reasonable proof of the fact and amount of each of MHSI's charges incurred in the medical care and treatment provided to the Patients.

22.     MHSI requested payment of its reasonable and customary charges for the medical care and treatment provided to the Patients.

23.     LIBERTY MUTUAL has unreasonably withheld and/or delayed full payment to MHSI, relying upon a database that upon information and belief, it has obtained through contracting with a cost-containment company, Mitchell Medical, which purchases data and

4

formats to use the data from Fair Health, Inc., a national collector of medical and dental claims data.

24.     After a determination that a medical procedure or service meets the predicates for payment under the Michigan No-Fault Act, LIBERTY MUTUAL submits the medical bill to Mitchell Medical that utilizes the Fair Health, Inc. database information to determine whether the specific charge or charges are "reasonable and customary" in accordance with the Michigan No-Fault Act.  Reductions occur by computer automation in the Mitchell Medical system, contracted by LIBERTY MUTUAL.

25.     Fair Health, Inc. was created as a purported independent, non-profit organization to develop a nationwide database for consumer reimbursement to replace Ingenix.

26.     Upon information and belief, LIBERTY MUTUAL licenses this database information through Mitchell Medical.

27.     Upon information and belief, there is no review procedure in place at LIBERTY MUTUAL to verify the accuracy of the data in the Fair Health database to confirm that it, and the analysis applied using the data, comports with the Michigan No-Fault Act and case law interpreting same.

28.     While LIBERTY MUTUAL claims that its reductions are based upon what other providers in the geographic area charge for the same or similar services, LIBERTY MUTUAL refuses to produce information regarding the other providers MHSI is being compared against to determine reasonableness of its charges.

29.     Upon information and belief, the Fair Health, Inc. database utilized by LIBERTY MUTUAL to audit medical bills from October 26, 2015 to the present, includes charge data and

5

information from Medicare, Medicaid, Workers' Compensation and/or other commercial health insurance payers.

30. By utilizing this database to review claims of MHSI, LIBERTY MUTUAL is in violation of the Michigan No-Fault Act and long-established case law.

31. LIBERTY MUTUAL's actions in withholding and/or delaying full payment to MHSI is a breach of its statutory and/or contractual obligations to timely provide No-Fault benefits.

32. LIBERTY MUTUAL's actions in withholding and/or delaying payment subjects it to No-Fault penalty interest, pursuant to MCL 500.3142.

33. LIBERTY MUTUAL's actions in withholding and/or delaying payment are unreasonable within the meaning of the Michigan No-Fault Act, and subject it to liability for No-Fault penalty attorney fees, pursuant to MCL 500.3148.

34. An actual controversy exists between MHSI and LIBERTY MUTUAL with respect to MHSI's right to reimbursement from LIBERTY MUTUAL for its reasonable and customary charges for the reasonably necessary medical treatment, products, services and accommodations rendered to LIBERTY MUTUAL's insureds pursuant to the Michigan No-Fault Act.

35. MHSI seeks declaratory relief clarifying its rights and LIBERTY MUTUAL's obligations under the Michigan No-Fault Act.

36. This controversy is between MHSI and LIBERTY MUTUAL, and thus all necessary parties have been named in this action.

WHEREFORE, MHSI respectfully prays for judgment in its favor as follows:

a. Declare MHSI's full charges, as billed, are reasonable and customary and properly payable in accordance with the Michigan No-Fault Act;

6

b. Declare LIBERTY MUTUAL responsible for payment of the remaining balance to MHSI and enter judgment in that amount against LIBERTY MUTUAL, in addition to costs, RJA interest and No-Fault penalty interest pursuant to MCL 500.3142;

c. Declare the database(s) upon with LIBERTY MUTUAL relies in support of the major reductions to MHSI's charges is unreliable, uses flawed and/or improper data to improperly reduce reimbursement to MHSI in violation of the Michigan No-Fault Act;

d. Declare LIBERTY MUTUAL received reasonable proof of the fact and the amount of loss as to each of MHSI's charges incurred in the medical care and treatment provided to the Patients and that those amounts not paid in full after 30 days are "overdue" pursuant to MCL 500.3142;

e. Declare LIBERTY MUTUAL's conduct is unreasonable and MHSI is entitled to an award of attorney fees pursuant to MCL 500.3148; and

f. Grant such additional relief as this Court deems just and proper under Michigan law and the principles of equity.

Respectfully submitted,

MILLER & TISCHLER, P.C.

*/s/ Milea M. Vislosky*
MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff MHSI
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040 // (248) 536-5042 fax
mvislosky@msapc.net

Dated: October 26, 2016

7

## JURY TRIAL DEMAND

Plaintiff MHSI hereby demands a trial by jury on all claims.

Respectfully submitted,

MILLER & TISCHLER, P.C.

/s/ Milea M. Vislosky
MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff MHSI
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI  48334
(248) 945-1040 // (248) 536-5042 fax
Dated: October 26, 2016       mvislosky@msapc.net

8

# EXHIBIT J

## <u>RELEASE OF SPECIFIC CLAIMS FOR PERSONAL PROTECTION INSURANCE BENEFITS</u>

Michigan Head & Spine Institute, P.C. v Liberty Mutual Insurance Company and Liberty Mutual
Fire Insurance Company
Oakland County Circuit Court
Judge Phyllis McMillen
Case No.: 16-155745-NF

Claim Numbers:
033056807-0001 (Bano, Roland)
031944195-0001 (Begum, Modinara)
033588298-0001 (Bell, Carole)
027380301-0002 (Bolden, Sonja)
021923128-0001 (Bratuianu, Miluta)
033456932-0001 (Brooks, Diane)
030250718-0002 (Chandler, Albert)
022218985-0003 (Coleman-Kawa, Veronica)
033500404-0001 (Dallo, Thomas)
032938652-0006 (Dawkins, Denisha)
033082100-0001 (Dawkins, Jennifer)
028368349-0004 (Ford, Charles)
028515880-0005 (Finley, Linda)
032677668-0002 (Hamilton, Bobby)
023641546-0001 (Johnson, Donald)
028252236-0003 (Justice, Michael)
032138913-0001 (Kamil, David)
033029822-0001 (Khoury, Mary)
030839306-0002 (Lane, Pauline)
031810969-0001 (MacEachern, Gerald)
032354852-0001 (Mack, Stacey)
027832144-0001 (McKissick, Catherine)
030088746-0002 (Mallory, Joseph)
032151146-0007 (Merrieweather, Tracey)
032655735-0001 (Murray, William)
032635569-0001 (Osman, Ali)
032746549-0001 (Parker, Frank)
031437373-0001 (Panajoti, Genti)
030875342-0001 (Peacock, Robert)
031689735-0001 (Pippins, Brice)
032637443-0001 (Posie (Washington), Debra)
033793226-0003 (Round, Ronnie)
033261114-0002 (Schwartz, Dennis)
033434720-0001 (Slay, Charles)
032655469-0004 (Suber, Seletha)
030586862-0001 (Thill, David)
032876763-0002 (Thompson, Sparkle)

Page 1 of 3

008985425-0002 (Vansumeren, Scott)

In consideration of SIXTY-FIVE THOUSAND AND 00/100 DOLLARS ($65,000.00), sufficiency of which is acknowledged, the undersigned, Michigan Head & Spine Institute, P.C. (MHSI), hereby releases Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company (Collectively "Liberty Mutual"), for all of the specific claims concerning personal medical bills payable for losses and damages incurred by the listed patients for the specific dates of service/treatment identified in Exhibit A only, for products and/or services provided to the following individuals as a result of a their respective motor vehicle accidents, as set forth below:

| | | | |
|---|---|---|---|
| Roland Bano | (12/21/2015) | Seletha Suber | (09/22/2015) |
| Modinara Begum | (04/27/2015) | Scott Vansmuren | (12/01/2007) |
| Sonja Bolden | (06/10/2013) | William Murray | (09/16/2015) |
| Albert Chandler | (07/25/2014) | Ali Osman | (09/4/2015) |
| Carole Bell | (04/13/2016) | Frank Parker | (09/15/2015) |
| Miluta Bratuianu | (02/11/2012) | Robert Peacock | (10/29/2014) |
| Diane Brooks | (03/14/2016) | Debra Posie | (09/18/2015) |
| Veronica Coleman-Kawa | (03/16/2012) | Ronnie Round | (05/19/2016) |
| Thomas Dallo | (03/25/2016) | Dennis Schwartz | (02/3/2016) |
| Denisha Dawkins | (11/23/2015) | Charles Slay | (03/11/2016) |
| Jennifer Dawkins | (12/4/2015) | David Thill | (09/13/2014) |
| Charles Ford | (11/13/2013) | Sparkle Thompson | (11/08/2015) |
| Linda Finley | (11/17/2013) | | |
| Bobby Hamilton | (09/28/2015) | | |
| Donald Johnson | (08/3/2012) | | |
| Joseph Mallory | (06/30/2014) | | |
| David Kamil | (06/8/2015) | | |
| Gerald MacEachern | (04/2/2015) | | |
| Stacey Mack | (07/21/2015) | | |
| Catherine McKissick | (09/2/2013) | | |
| Michael Justice | (10/29/2013) | | |
| Tracey Merrieweather | (06/10/2015) | | |
| Mary Khoury | (12/06/2015) | | |
| Pauline Lane | (10/23/2014) | | |
| Genti Panajoti | (02/04/2015) | | |
| Brice Pippins | (03/09/2015) | | |

MHSI understands and agrees that this is the settlement and final disposition of all disputed claims set forth in Exhibit A only, between MHSI and Liberty Mutual with respect to any and all benefits, rights, or privileges to which the undersigned MHSI may be entitled for all products and/or services provided to the above-named individuals, pursuant to the respective contracts to insure or insurance policies, provisions of the Michigan No-Fault Automobile Insurance Act, MCL 500.3101, *et seq.*, or any other statute of the State of Michigan for the specific claims identified in Exhibit A only.

MHSI understands that settlement of the specific claims identified in Exhibit A does not constitute an admission of liability on behalf of Liberty Mutual.

Page **2** of **3**

It is further understood and agreed that this release is reciprocal and Liberty Mutual waives any claims it may have against MHSI for any claims arising out of the claims made in this case.

MHSI declares that they have read this release and understand its terms.

Dated: _4/13/2018_

_____
REPRESENTATIVE OF MICHIGAN HEAD & SPINE INSTITUTE, P.C.

Witness:

_____

_____

Subscribed and sworn to before me this

_13th_ day of _April_ , 2018

_____

Notary Public

_Wayne_ County, Michigan

My Commission Expires: _09/02/23_

THERESA M. MITCHELL
NOTARY PUBLIC, STATE OF MI
COUNTY OF WAYNE
MY COMMISSION EXPIRES Sep 2, 2023
ACTING IN COUNTY OF _Oakland_

Page 3 of 3

# EXHIBIT K

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

MICHIGAN HEAD & SPINE
INSTITUTE, P.C.
                Plaintiff,

v

LIBERTY MUTUAL INSURANCE COMPANY, and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,

           Defendants.

USDC Case No:  2:17-cv-13815
Hon. Sean F. Cox

Lower Court Case No.  17-160261-NF
Hon. Phyllis McMillen

---

MILLER & TISCHLER, P.C.
BY:  MILEA M. VISLOSKY
(P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Rd., Ste. 300
Farmington Hills, MI 48334
(248) 945-1040  /  (248) 536-5042 fax
email: mvislosky@msapc.net

SALVATORE PRESCOTT &
PORTER, PLLC
BY:  JENNIFER B. SALVATORE
(P66640)
Local Counsel for Defendants
105 East Main St.
Northville, MI 48167
(248) 679-8711  /  (248) 773-7280 fax
email:  Salvatore@spplawyers.com

PRINCE LOBEL TYE LLP
BY:  DANIEL P. TIGHE (BBO 556583)
      THOMAS R. SUTCLIFFE
(BBO 675379)
Attorneys for Defendants
One International Place, Ste. 3700
Boston, MA 02110
(617) 456-8000  /  (617) 456-8100 fax
email:  dtighe@princelobel.com
        tsutcliffe@princelobel.com

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

Plaintiff, MICHIGAN HEAD & SPINE INSTITUTE, P.C. (MHSI), through

its attorneys, Miller & Tischler, P.C., in accordance with FRCP 36 *et seq.,* submits the following requests for admission to be answered by Defendants. If you do not serve written answers or objections addressed to the matter contained in the requests for admission within thirty (30) days after service, each matter to which a request is made will be deemed admitted.

\*\*Please refer to **Exhibit A**, which is the chart of patients and charges that was attached to Plaintiff's First Amended Complaint. The chart is attached to these Requests for Admission for reference.

**REQUESTS FOR ADMISSION**

1.    For MHSI Patient DION ADAMS, admit that Patient sustained accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle on July 25, 2016.

**ANSWER:**

2.    For MHSI Patient DION ADAMS, admit that Patient received care at MHSI for accidental bodily injury arising out of the motor vehicle accident on July 25, 2016.

**ANSWER:**

3.    For MHSI Patient DION ADAMS, admit that LIBERTY MUTUAL

(referred to as DEFENDANT hereafter) is the insurer in highest priority to pay no-fault benefit claims arising from the motor vehicle accident on July 25, 2016.

**ANSWER:**

4. For MHSI Patient DION ADAMS, admit that the services MHSI provided for which DEFENDANT has already tendered payment were reasonably necessary for Patient's care, recovery, or rehabilitation.

**ANSWER:**

5. For MHSI Patient DION ADAMS, admit that DEFENDANT paid a portion of each MHSI claim for payment submitted to DEFENDANT for payment.

**ANSWER:**

6. For MHSI Patient BAHAR AHMED, admit that Patient sustained accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle on December 27, 2015.

**ANSWER:**

7. For MHSI Patient BAHAR AHMED, admit that Patient received care at MHSI for accidental bodily injury arising out of the motor vehicle accident on

December 27, 2015.

**ANSWER:**

8. For MHSI Patient BAHAR AHMED, admit that DEFENDANT is the insurer in highest priority to pay no-fault benefit claims arising from the motor vehicle accident on December 27, 2015.

**ANSWER:**

9. For MHSI Patient BAHAR AHMED, admit that the services MHSI provided for which DEFENDANT has already tendered payment were reasonably necessary for Patient's care, recovery, or rehabilitation.

**ANSWER:**

10. For MHSI Patient BAHAR AHMED, admit that DEFENDANT paid a portion of each MHSI claim for payment submitted to DEFENDANT for payment.

**ANSWER:**

11. For MHSI Patient HANADI ALESASSA, admit that Patient sustained accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle on September 7, 2016.

4

**ANSWER:**

12.    For MHSI Patient HANADI ALESASSA, admit that Patient received care at MHSI for accidental bodily injury arising out of the motor vehicle accident on September 7, 2016.

**ANSWER:**

13.    For MHSI Patient HANADI ALESASSA, admit that DEFENDANT is the insurer in highest priority to pay no-fault benefit claims arising from the motor vehicle accident on September 7, 2016.

**ANSWER:**

14.    For MHSI Patient HANADI ALESASSA, admit that the services MHSI provided for which DEFENDANT has already tendered payment were reasonably necessary for Patient's care, recovery, or rehabilitation.

**ANSWER:**

15.    For MHSI Patient HANADI ALESASSA, admit that DEFENDANT paid a portion of each MHSI claim for payment submitted to DEFENDANT for payment.

**ANSWER:**

5

Respectfully submitted,

MILLER & TISCHLER, P.C.

/s/ Milea M. Vislosky
MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Rd., Ste. 300
Farmington Hills, MI  48334
(248) 945-1040  /  (248) 536-5042 fax
Dated:  April 23, 2018          mvislosky@msapc.net

## CERTIFICATE OF SERVICE

Tina Trosper, Oakland County Notary (acting in Oakland) certifies that on  April 23, 2018, she served Plaintiff's First Request for Admissions to Defendants on the above attorneys of record by mailing same to them at their address of record via First Class Mail, with postage paid.

Tina Trosper, Notary Public
County of Oakland
My Commission expires:  June 2, 2019

90

# EXHIBIT L

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

MICHIGAN HEAD & SPINE INSTITUTE, P.C.
 (Hannawi, Korpal, Hasal, Selnes, Aoude, Ogene,
Johnson, Almadrahi, Bhogal, Collins, Gratopp, Gray,
Hardy, Halliburton, Irby, Robertson & Timpe)

Case No.  12-            NF
Hon.

        Plaintiff,

v

LIBERTY MUTUAL INSURANCE
COMPANY,

        Defendant.

---

MILLER & TISCHLER, P.C.
BY:  MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Rd., Ste. 300
Farmington Hills, MI 48334-5401
(248) 945-1040 / (248) 536-5042 fax

*A civil action arising out of the transaction or occurrence alleged in this complaint was filed in 46th District Court, Case Number: GC-12-0874, and assigned to the Honorable Shelia R. Johnson.  It is no longer pending.*

Attorney for Plaintiff

---

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

        Plaintiff, MICHIGAN HEAD & SPINE INSTITUTE, P.C. (MHSI) by its attorneys, Miller & Tischler, P.C., for its Complaint, states:

## NATURE OF THE CLAIM

        1.        This is an action for No-Fault benefits.  The following individuals suffered bodily injuries arising out of motor vehicle accidents and each are entitled to No-Fault benefits, within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq*.:

                a.        IBRAHIM HANNAWI (HANNAWI)
                b.        JUDITH KORPAL (KORPAL)
                c.        SHYLA HASAL (HASAL)

d. ANNE SELNES (SELNES)
e. JOUMANA AOUDE (AOUDE)
f. HENRY OGENE (OGENE)
g. DERRICK JOHNSON (JOHNSON)
h. BASEEM ALMADRAHI (ALMADRAHI)
i. JASPAR BHOGAL (BHOGAL)
j. BETTE COLLINS (COLLINS)
k. MARIE GRATOPP (GRATOPP)
l. MINNIE GRAY (GRAY)
m. LANETTE HARDY (HARDY)
n. ELMA HALLIBURTON (HALLIBURTON)
o. ARTHUR IRBY (IRBY)
p. DARRYL ROBERTSON (ROBERTSON)
q. TIFFANY TIMPE (TIMPE)

MHSI provided medical services to HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI, BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON AND TIMPE and seeks to recover full payment for its charges plus all the No-Fault penalties to which it is entitled.

## PARTIES

2. Plaintiff MHSI is a provider of medical, therapeutic and rehabilitative services and has its principal offices in the City of Southfield, Oakland County, Michigan.

3. Defendant, LIBERTY MUTUAL INSURANCE COMPANY (LIBERTY MUTUAL), is a foreign corporation licensed to write insurance and conduct business in the City of Southfield, Oakland County, Michigan.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court, because the amount in controversy exceeds $25,000.00.

5. Venue is proper because the Defendant conducts business in the City of Southfield, Oakland County, Michigan.

2

## FACTUAL ALLEGATIONS

6.     Paragraphs 1 through 5 are incorporated as if fully restated herein.

7.     On information and belief, HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI, BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON AND TIMPE, all sustained accidental bodily injury arising out of motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq*.

8.     HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI, BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON, TIMPE, and MHSI, their medical care provider, are entitled to be paid for all reasonable charges for all reasonably necessary products, services and accommodations related to their care, recovery and rehabilitation pursuant to the No-Fault Act, MCL 500.3107(1)(a).

9.     MHSI provided medical services to HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI, BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON AND TIMPE and submitted reasonable proof of the fact and amount of each loss to LIBERTY MUTUAL pursuant to MCL 500.3142.

10.     LIBERTY MUTUAL is the No-Fault insurer that is responsible to pay No-Fault benefits to or for the benefit of HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI, BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON AND TIMPE.

11.     LIBERTY MUTUAL received timely and reasonable proof of the fact and amount of each of MHSI's charges incurred in the medical care and treatment provided to HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI,

3

BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON AND TIMPE.

12. MHSI repeatedly requested full payment of its outstanding charges for the medical care and treatment provided to HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI, BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON AND TIMPE.

13. LIBERTY MUTUAL has unreasonably withheld and/or delayed full payment.

14. LIBERTY MUTUAL's actions in withholding and/or delaying payment is a breach of its statutory and/or contractual obligations to timely provide No-Fault benefits.

15. LIBERTY MUTUAL's actions in withholding and/or delaying payment subjects it to No-Fault penalty interest, pursuant to MCL 500.3142.

16. LIBERTY MUTUAL's actions in withholding and/or delaying payment is unreasonable within the meaning of the No-Fault Act, and subjects it to liability for No-Fault penalty attorney fees, pursuant to MCL 500.3148.

WHEREFORE, MHSI asks this Court for the following relief:

A. Order LIBERTY MUTUAL to pay the No-Fault benefits to which MHSI is entitled;

B. Grant judgment against LIBERTY MUTUAL in the amount found to be due and payable to MHSI for the services provided to HANNAWI, KORPAL, HASAL, SELNES, AOUDE, OGENE, JOHNSON, ALMADRAHI, BHOGAL, COLLINS, GRATOPP, GRAY, HARDY, HALLIBURTON, IRBY, ROBERTSON AND TIMPE;

C. Order LIBERTY MUTUAL to pay No-Fault penalty interest on the overdue benefits;

D. Find that LIBERTY MUTUAL's conduct in refusing to pay and or delaying payment of the benefits in this dispute is unreasonable;

4

E.      Order LIBERTY MUTUAL to pay No-Fault penalty attorney's fees to MHSI; and

F.      Grant such other and further relief as the Court deems just and proper.


                        Respectfully submitted,

                        MILLER & TISCHLER, P.C.



                        _____
                        BY: MILEA M. VISLOSKY (P69306)
                        Attorneys for Plaintiff MHSI
                        28470 W. 13 Mile Rd., Ste. 300
                        Farmington Hills, MI 48334-5401
DATED:  October 10, 2012        (248) 945-1040 / (248) 536-5042 fax
\\MT-FS1\Files\MHSI\MHSI-Liberty Mutual Balance Bill Matters v Liberty Mutual - 1282-0781\PLD1\20121010-MMV-Circuit Court Complaint.DOC

5

# EXHIBIT M

## RELEASE OF SPECIFIC CLAIMS FOR PERSONAL PROTECTION INSURANCE BENEFITS

Michigan Head & Spine Institute, P.C. v Liberty Mutual Insurance Company

Case No.: 12-129862-NF

| Claim Numbers: | | |
|---|---|---|
| | 017529087-0002 (Johnson) | 018038749-0001 (Robertson) |
| | 020721089-0003 (Almadrahi) | 018583444-0003 (Aoude) |
| | 022308057-0002 (Timpe) | 015456976-0003 (Collins) |
| | 021347787-0001 (Gratopp) | 020355462-0003 (Halliburton) |
| | 018583444-0004 (Hannawi) | 021329760-0003 (Hardy) |
| | 016865367-0006 (Hasal) | 020720996-0005 (Irby) |
| | 019513037-0002 (Korpal) | 018644647-0002 (Selnes) |
| | 019894526-0002 (Ogene) | 021163285-0002 (Gray) |
| | 022724300 (Abdullah) | 023683869 (Roberts) |
| | 023520896 (Davis) | 023497892 (Gary) |
| | 023328329 (Gipson) | 023304119 (Gueli) |
| | 022164039 (Howarah) | 025283662 (James) |
| | 023193396 (Moore) | 024414410 (Prater) |
| | 022092614 (Scarfano) | 023243779 (White) |
| | 021286599-0006 (Bhogal) | 022449984-0002 (Williams) |
| | 023059929-0002 (Timmons) | |

In consideration of FIFTY THREE THOUSAND AND 00/100 DOLLARS ($53,000.00), sufficiency of which is acknowledged, the undersigned, Michigan Head & Spine Institute, P.C. (MHSI), hereby releases Liberty Mutual Insurance Company (Liberty Mutual), and all other persons and organizations associated therewith, from all the specific claims concerning any and all medical bills, through March 22, 2013 only, identified in Exhibit A, for products and/or services provided to the following individuals as a result of a their respective motor vehicle accidents, as set forth below:

| | | | |
|---|---|---|---|
| Derrick Johnson | (01/20/2011) | Baseem Almadrahi | (10/11/2011) |
| Tiffany Timpe | (03/26/2012) | Marie Gratopp | (12/15/2011) |
| Ibrahim Hannawi | (12/31/2011) | Shyla Hasal | (11/18/2010) |
| Judith A. Korpal | (07/03/2011) | Henry Ogene | (03/13/09 and 08/09/2011) |
| Darryl Robertson | (12/05/2010) | Joumana Aoude | (12/31/2011) |
| Bette Collins | (07/09/2010) | Elma Halliburton | (09/14/2011) |
| Lanette L. Hardy | (12/13/2011 and 10/9/2012) | Arthur Irby | (10/17/2011) |
| Anne E. Selnes | (04/21/2011) | Minnie Marie Gray | (11/14/2011) |
| Latifah Abdullah | (05/05/2012) | Jacqueline Davis | (07/25/2012) |
| Doris Gipson | (07/06/2012) | Ada Gary | (06/11/2012) |
| Darlene Gueli | (06/03/2012) | David Howarah | (03/09/2012) |
| Richard James | (12/24/2012) | Shirley Moore | (06/18/2012) |
| Virgil Prater | (10/17/2012) | Josie Scarfano | (03/05/2012) |
| Eardel Timmons | (05/11/2012) | Yolanda White | (06/28/2012) |
| Moses Williams | (04/10/2012) | Jaspar Bhogal | (12/05/2011) |

1

JUN 07 2013

James Roberts        (08/04/2012)

MHSI understands and agrees that this is the full and final settlement and disposition of all disputed claims set forth in Exhibit A only, between MHSI and Liberty Mutual with respect to any and all benefits, rights, or privileges to which the undersigned MHSI may be entitled for all products and/or services provided to the above-named individuals through March 22, 2013, only, pursuant to the respective contracts to insure or insurance policies, provisions of the Michigan No-Fault Automobile Insurance Act, MCL 500.3101, *et seq.*, or any other statute of the State of Michigan.

MHSI understands that settlement of the specific claims identified in Exhibit A does not constitute an admission of liability on behalf of Liberty Mutual.

MHSI declares that they have read this release and understand its terms.

Dated: 06/06/2013

_____
REPRESENTATIVE OF MICHIGAN HEAD & SPINE INSTITUTE, P.C.

Witness:

_____

_____

Subscribed and sworn to before me this

6th day of ___June___, 2013

_____

Notary Public

___Wayne___ County, Michigan

My Commission Expires: 09/02/2017

THERESA M. MITCHELL
Notary Public, State of Michigan
County of Wayne
My Commission Expires Sep. 02, 2017
Acting In the County of OAKLAND

2